# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2246

_____

United States of America,

        Appellee,

v.

Robin M. Parsons,

        Appellant.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the
District of Minnesota.

[PUBLISHED]

_____

Submitted:  December 13, 2004
Filed:  January 28, 2005

_____

Before BYE, HANSEN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, Robin M. Parsons pleaded guilty to mail fraud, in violation of 18 U.S.C. § 1341, and money laundering, in violation of 18 U.S.C. § 1957. At sentencing, the district court[1] adopted the unobjected-to final presentence report, which calculated a Guidelines imprisonment range of 30-37 months. Parsons moved for a downward departure under U.S. Sentencing Guidelines

_____

[1] The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

Manual § 5K2.0, arguing that his case was outside the heartland and citing United States v. Woods, 159 F.3d 1132 (8th Cir. 1998). The government responded that Woods was distinguishable and that Parsons's case was not outside the heartland. The district court denied the downward-departure motion, saying:

> With respect to the motion for a downward departure under Section 5K2, the Court is going to deny the motion.
>
> I have studied this very carefully, because I think that these were important issues raised by [defense counsel]; but having read the Woods case carefully, I have to agree with [the government's] analysis of that case. It is somewhat different, although some of the aspects of it are the same. I think that it's probably not good precedent for this particular situation. So the Court feels that the motion must be denied.

The district court sentenced Parsons to two concurrent terms of 30 months in prison and two concurrent three-year terms of supervised release. On appeal, Parsons argues that the district court erred by denying his motion for a downward departure. For the following reasons, we affirm.

Woods was a case involving a defendant who had filed for bankruptcy without disclosing her ownership of certain stock. She engaged in money laundering by selling the stock for $16,045, failing to disclose the transaction to the bankruptcy trustee, and depositing the proceeds into her husband's bank account. See Woods, 159 F.3d at 1133. The district court departed downward, concluding that her case was outside the heartland because her conduct was not of the type that the Sentencing Commission had intended to punish under the money-laundering Guideline. We affirmed, holding that the district court was within its discretion to determine that Woods's conduct did not constitute the serious or aggravated money laundering at which the Guideline was primarily directed. See id. at 1134-36.

In the instant case, the district court stated that it had read <u>Woods</u> and had concluded that the circumstances of Parsons's case were not sufficiently similar to the circumstances present in <u>Woods</u>. The act of measuring one defendant's case against another defendant's case to determine whether it is outside the heartland is a quintessential district court function. The district court's discretionary decision to deny Parsons's downward-departure motion is therefore unreviewable on appeal. <u>See</u> <u>United States v. Mohr</u>, 382 F.3d 857, 861 (8th Cir. 2004) (a district court's denial of a defendant's downward-departure motion is unreviewable where, after recognizing the case authority authorizing a departure on the basis asserted by the defendant, the district court decides a departure is not warranted in the defendant's case).

We note that Parsons has moved to file a supplemental brief arguing that, in light of <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), he "would never have admitted to the amount of loss attributable to his conduct as stated in his plea agreement if he had known that these factors had to be proven beyond a reasonable doubt." His motion was ordered taken with the case, and we now deny it.

Because Parsons admitted as part of his plea agreement that the amount of loss attributable to him was between $1.5 million and $2.5 million, requiring a 12-level enhancement, that enhancement of his sentence does not violate <u>United States v. Booker</u>, Nos. 04-104/105, 2005 WL 50108 (U.S. Jan. 12, 2005). <u>See</u> <u>id.</u> at *15 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be *admitted by the defendant* or proved to a jury beyond a reasonable doubt.") (emphasis added). Nor do the developments in the law announced by <u>Blakely</u> and <u>Booker</u> subsequent to Parsons's guilty plea invalidate his plea. <u>See</u> <u>Brady v. United States</u>, 397 U.S. 742, 757 (1970) ("[A] voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise."); <u>cf.</u> <u>United States v. Reyes-Acosta</u>, 334 F. Supp. 2d 1077, 1078-82 (N.D.

Ill. 2004) (applying <u>Brady</u> to deny a defendant's motion to withdraw his pre-<u>Blakely</u> guilty plea in light of <u>Blakely</u>).

Finally, there would be no merit to an argument that Parsons is entitled to resentencing under advisory Guidelines in light of <u>Booker</u>. He expressly agreed as part of his plea agreement that he would be sentenced under the Guidelines, that his base offense level would be 6, that he would receive the 12-level amount-of-loss enhancement, that he would receive a 2-level enhancement for more than minimal planning, and that his resulting Guidelines imprisonment range could be as high as 30-37 months. The district court applied the agreed-upon range of 30-37 months in sentencing Parsons to 30 months in prison. <u>See</u> <u>United States v. Nguyen</u>, 46 F.3d 781, 783 (8th Cir. 1995) ("A defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal. [The defendant] merely received what he had bargained for.") (citations omitted).

Accordingly, we affirm the judgment of the district court.

_____