# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3312

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United |
| | * | States District Court for the |
| v. | * | District of Nebraska. |
| | * | |
| Christina M. Haidley, | * | [PUBLISHED] |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: February 15, 2005
Filed: March 16, 2005

_____

Before MELLOY, HEANEY, and FAGG, Circuit Judges.

_____

MELLOY, Circuit Judge.

In a pre-<u>Blakely</u> era,[1] this would have been a routine federal sentencing guideline case. The government charged Haidley in a one-count information with bank embezzlement. The information specifically alleged that the loss amount was $135,000. Haidley waived indictment and pled guilty to the information. At the plea proceeding, she specifically stipulated to the $135,000 loss.

_____

[1]<u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004).

The probation office prepared a presentence report. The report determined Ms. Haidley's guideline sentencing offense level to be a level thirteen, criminal history category I. The offense level was determined using a base offense level of six under U.S.S.G. § 2B1.1(a)(2), a ten level increase for a loss amount more than $120,000, but less than $200,000 under U.S.S.G. § 2B1.1(b)(1)(F), and a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E.1.1(a) and (b). There were no other adjustments to the guideline computation. An offense level thirteen, criminal history category I, resulted in a guideline sentence range of twelve to eighteen months. The district court sentenced Haidley to the lowest possible sentence under that applicable range, twelve months and one day.[2]

Prior to sentencing, Haidley raised the issue of the constitutionality of the federal sentencing guidelines, specifically citing Blakely. In her motion to declare the guidelines unconstitutional Haidley argued:

> In sentencing the defendant in this manner, the court must still adhere to the statutory parameters set out by Congress. It may also consider the sentencing guidelines as 'recommendations' which are instructive but no longer binding on the court. However, the court is also free to consider any other information it deems relevant to determining the appropriate sentence.

The district court rejected Haidley's challenge and found that the system of mandatory guidelines remained constitutional. Consequently, we find that Haidley

---

[2]The sentence of twelve months and one day is actually a more lenient sentence than a twelve month sentence because of the federal statute dealing with good time credit. 18 U.S.C. § 3624(b)(1) provides that a prisoner who is serving a term of imprisonment of more than one year may receive credit towards service of the prisoner's sentence of up to fifty-four days per year for good behavior while incarcerated. Consequently, a person sentenced to a twelve month sentence will serve twelve months, while a person sentenced to a twelve month and one day sentence will serve approximately 10½ months.

preserved error for purposes of our analysis of this case under the recently decided case of  United States v. Booker, 125 S. Ct. 738 (2005).

We assume for purposes of this opinion that the determination of the sentencing guideline range in this case does not raise a Sixth Amendment issue as outlined in Booker, since Haidley stipulated to the loss amount.  We also know from Booker that the remedial interpretation of the Sentencing Act as set forth in Justice Breyer's majority opinion applies to all cases on direct review.   Justice Breyer cautioned reviewing courts, however, that "in cases not involving a Sixth Amendment violation, whether resentencing is warranted or whether it will instead be sufficient to review a sentence for reasonableness may depend upon application of the harmless-error doctrine."  Booker, 125 S.Ct. at 769.

The issue we face, then, may be framed as follows.  Is it harmless error to sentence a defendant under a mandatory federal sentencing guideline regime, as opposed to the Booker advisory system, when there is no Sixth Amendment issue as to the guideline computation and the defendant is sentenced at the bottom of the federal sentencing guideline range? We conclude that it is not harmless error and that the present case must be remanded for resentencing under the discretionary system set out in Booker.

In determining whether an error is harmless, Federal Rule of Criminal Procedure 52(a) provides that any error which does not affect substantial rights shall be disregarded.  The burden of proving that an error does not affect substantial rights is upon the "beneficiary of the error," here, the government.  See Chapman v. California, 386 U.S. 18, 24 (1967).   The standard of proof imposed upon the government is dependant upon whether the error is of constitutional or nonconstitutional magnitude .  See, e.g., O'Neal v. McAninch, 513 U.S. 432, 437-38 (1995) (discussing the two harmless error standards to apply in cases on direct review).  If the error is of constitutional magnitude, then the government is required

to prove the error was harmless beyond a reasonable doubt. Chapman, 386 U.S. at 24. As to errors not of constitutional magnitude, a lesser standard applies. In such cases, the government is required to establish that we do not have "grave doubt" as to whether the error substantially influenced the outcome of the proceedings. Kotteakos v. United States, 328 U.S. 750, 764-65 (1946).

In the present case, we need not determine if the error was of constitutional magnitude. Even if we apply the less stringent, Kotteakos standard, we do not find the present error harmless. Applying Kotteakos in this setting, we must decide whether we have grave doubt as to whether the outcome of the sentencing was substantially influenced by the error, that is, use of the sentencing guidelines as though mandatory.

In determining whether we have such grave doubt, we are influenced principally by the fact that the district judge made a conscious decision to sentence the defendant at the bottom of the guideline range. This is not a case in which the district judge could have gone any lower in imposition of the sentence without departing under U.S.S.G. § 5K2.0. Although it is not dispositive, we also note that at sentencing, and in response to the draft presentence report, Haidley pointed out a number of factors that warranted a bottom of the guideline sentencing, such as the fact that some of the money embezzled was used for her child's high medical expenses. Defense counsel also referenced Haidley's family situation, which included two young children at home. Both are factors which can be considered under 18 U.S.C. § 3553(a)(1) ("the nature and circumstances of the offense and the history and characteristics of the defendant"). On the basis of the record before us, we cannot say with any confidence that the district court would not have sentenced the defendant to a lesser sentence, or imposed different terms of confinement, such as community correction confinement or home detention, had the district court realized that the federal sentencing guidelines were only advisory. Consequently, we

-4-

are left with "grave doubt" as to whether the error was harmless, and we must remand.

Our court recently decided the case of <u>United States v. Parsons</u>, 396 F.3d 1015 (8th Cir. 2005). In that opinion, the court held that the defendant had expressly agreed to the guideline computation, just as Haidley had in this case. There, the district court applied a sentence within the agreed-upon range of thirty to thirty-seven months. We have carefully considered whether <u>Parsons</u> is controlling on this case. We have concluded that it is not, for two reasons. First, it is clear that the defendant in <u>Parsons</u> had not raised the issue of the constitutionality of the federal sentencing guidelines at the trial level. Consequently, <u>Parsons</u> did not involve harmless error analysis. Secondly, <u>Parsons</u> was clearly a plain error case. Unlike harmless error, where the government has the burden of proving the result would not have been different, in a plain error case the burden is on the defendant to prove that the error was prejudicial. Fed. R. Crim. P. 52(b); <u>United States v. Olano</u>, 507 U.S. 725, 734 (1993). For these reasons, we do not believe that the present decision contravenes the holding in <u>Parsons</u>.

The judgment of the district court imposing a twelve month and one day sentence is reversed and the case is remanded for resentencing. We express no opinion as to whether the defendant should be resentenced to the same or different sentence.

HEANEY, Circuit Judge, concurring.

I concur in the result.

_____