# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3733

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Juan Roldan-Castillo, | * | **[UNPUBLISHED]** |
| | * | |
| Appellant. | * | |

_____

Submitted: May 10, 2005
Filed: June 6, 2005

_____

Before LOKEN, Chief Judge, BEAM, and SMITH, Circuit Judges.

_____

PER CURIAM.

Juan Roldan-Castillo pled guilty to illegal reentry by a deported alien in violation of 8 U.S.C. § 1326(a)(2) and (b)(1). Based upon his plea and the presentence investigation report, the district court[1] sentenced Roldan-Castillo to an eighteen-month prison term. Roldan-Castillo appeals, arguing that the district court should have submitted to the jury the question whether his prior conviction was an "aggravated felony." Roldan-Castillo properly preserved this Sixth Amendment challenge under Blakely v. Washington, 124 S. Ct. 2531 (2004), at the time of

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

sentencing. Because Roldan-Castillo was not entitled to jury findings on the issue of whether his prior conviction was an aggravated felony, we affirm.

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Court held that a prior felony conviction, including the characterization of a particular felony as an "aggravated felony," is a sentencing factor for the court, rather than a fact issue for the jury. That principle was reaffirmed in United States v. Booker, 125 S. Ct. 738, 756 (2005).

The district court based its enhancement on Roldan-Castillo's prior guilty plea to possession of a controlled substance. See U.S.S.G. § 2L1.2, cmt. n.3(A) (defining aggravated felony by reference to 8 U.S.C. § 1101(a)(43)). This prior offense was contained in the presentence investigation report and Roldan-Castillo does not deny its existence. The United States Code defines aggravated felony to include illicit trafficking in a controlled substance, including a drug trafficking crime as defined in 18 U.S.C. § 924(c). 8 U.S.C. § 1101(a)(43)(B). Under 18 U.S.C. § 924(c), Roldan-Castillo's conviction is an aggravated felony if it is punishable under the Controlled Substances Act, and it is a felony. 18 U.S.C. § 924(c)(2); United States v. Haggerty, 85 F.3d 403, 406 (8th Cir. 1996). Because the statute defines the term "aggravated felony" to include Roldan-Castillo's prior conviction, the district court did not make any factual findings that could give rise to a Sixth Amendment claim.

Though there was no Sixth Amendment violation, the district court committed Booker error by treating the guidelines as mandatory. As Roldan-Castillo preserved the issue with a Blakely objection to the district court, we must also consider whether it was "harmless error to sentence [him] under a mandatory guidelines regime, as opposed to the Booker advisory system." United States v. Haidley, 400 F.3d 642, 644 (8th Cir. 2005). We conclude the error was harmless. At sentencing, both defense counsel and counsel for the government urged the district court to impose a sentence at the bottom of the appropriate guidelines range of fifteen to twenty one months.

The court instead imposed a sentence in the middle of the range, eighteen months, explaining, "I don't believe a sentence at the low end . . . is in the best interest of justice."  This removes any "grave doubt" that the Booker error "substantially influenced the outcome of the proceedings."  Haidley, 400 F.3d at 645.

The judgment of the district court is affirmed.

_____