# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3810

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Michael Allen Lighthill, | * | **[UNPUBLISHED]** |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: June 20, 2005
Filed:  June 27, 2005

_____

Before LOKEN, Chief Judge, MORRIS SHEPPARD ARNOLD and COLLOTON,
Circuit Judges.

_____

PER CURIAM.

Michael Allen Lighthill pleaded guilty to being a felon in possession of a
firearm, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2).  The Presentence
Investigation Report (PSR) recommended that the court impose a four-level
sentencing enhancement under the then-mandatory Guidelines because Lighthill
possessed the firearm in connection with a felony drug offense, based on evidence
that Lighthill was arrested with the firearm in a car stocked with methamphetamine,
methamphetamine precursors, and drug paraphernalia.  See U.S.S.G. § 2K2.1(b)(5).
In the district court, Lighthill objected to the enhancement and to the pertinent factual

statements in the PSR. He also argued that the enhancement would be unconstitutional under Blakely v. Washington, 124 S. Ct. 2531 (2004), because the facts underlying the enhancement were neither admitted nor charged in the indictment. The district court overruled these objections and imposed the enhancement, which increased Lighthill's applicable Guidelines range from 51 to 63 months in prison to 77 to 96 months in prison. The court sentenced Lighthill to 77 months in prison, the bottom of the applicable mandatory range.

On appeal, Lighthill argues that the district court violated his Sixth Amendment rights under Blakely, a claim governed by the Supreme Court's supervening decision in United States v. Booker, 125 S. Ct. 738 (2005). Sentencing Lighthill under the mandatory Guidelines regime then in effect was error under Booker. United States v. Pirani, 406 F.3d. 543, 548-49 (2005). As Lighthill preserved this claim in the district court, the government must prove that the error was harmless. United States v. Haidley, 400 F.3d 642, 644-45 (8th Cir. 2005).

The government argues that Lighthill forfeited his Blakely claim by failing to argue that the district court should not treat the Guidelines as mandatory. This argument is foreclosed by our controlling en banc decision in Pirani, 406 F.3d at 550. The government further argues that there was no Sixth Amendment error because Lighthill did not "seriously dispute" the facts underlying the enhancement, making the district court's findings of fact on the issue "essentially uncontradicted." As we explained in Pirani, this argument, even if true, does not eliminate the Booker error.

The government's post-Booker brief made no attempt to argue that the Booker error was harmless, and after careful review of the sentencing record, we are unable to conclude that the error was harmless. Accordingly, the sentence is vacated, and the case is remanded for resentencing in light of United States v. Booker.

_____