# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3220

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Patrick M. Connelly, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: July 5, 2005
Filed: August 9, 2005

_____

Before GRUENDER, MAGILL, and BEAM, Circuit Judges.

_____

PER CURIAM.

Patrick Connelly pled guilty to a one-count indictment charging him with counterfeiting a twenty-dollar bill on or about May 20 and 30, 2002, in Jasper and Newton Counties, Missouri. The district court sentenced Connelly to twenty-four months' imprisonment, three years of supervised release, and fined him $560. Connelly appeals, challenging the district court's[1] imposition of sentence in light of Blakely v. Washington, 124 S. Ct. 2531 (2004). We affirm.

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

According to the facts admitted in his plea agreement, Connelly made counterfeit $10 and $20 bills, totaling between $500 and $800, using a computer, scanner and printer. The United States Secret Service and United States Probation Office determined that at least twenty-two businesses in Missouri, Alabama, Kansas and Utah accepted these counterfeit notes and incurred losses as a result. In his plea agreement, Connelly agreed that the applicable guideline section for this offense was 2B5.1, that the base offense level was fifteen, and that it appeared that he was entitled to a two-level reduction pursuant to section 3E1.1 for acceptance of responsibility. He further agreed that the court and the probation office would determine his criminal history category and that no guarantees were made with respect to the computations estimated in the agreement. Outside of those representations, the parties expressly stated that there were no agreements with respect to any other sentencing guideline issues. The district court sentenced Connelly accordingly.

As a preliminary matter, the government argues that Connelly waived his right to appeal these guideline issues in his plea agreement. We disagree. In the plea agreement, the parties waived their right to appeal sentencing issues that were "addressed and agreed upon in [the] Plea Agreement, and which [were] set forth in paragraph 11." Even though the parties agreed that the court would determine Connelly's criminal history category, the constitutionality of the guidelines was not an issue expressly addressed by the parties in that agreement. Only the applicability of particular portions of the guidelines was addressed. Thus, we proceed to the merits of the claim before us.

Connelly claims that the district court committed constitutional error by making "judicial factual findings" in calculating Connelly's base offense level, criminal history points and the applicable criminal history category. For example, Connelly notes that the district court assessed him two criminal history points because he committed the instant offense while on probation and added an additional point because the instant offense was committed less than two years following Connelly's

release from custody. He claims these facts should have been presented to a jury and proven beyond a reasonable doubt. However, in Booker, the Court expressly confirmed the continuing validity of its holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), that the fact of a prior conviction need not be submitted to a jury or proved beyond a reasonable doubt. United States v. Booker, 125 S. Ct. 738, 756 (2005). And facts related to prior convictions are sentencing factors for the court not the jury. Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998); see also United States v. Winters, 411 F.3d 967, 974 (8th Cir. 2005). Connelly points to no facts other than those related to such things as the timing and existence of his prior convictions and related probationary periods that increased the maximum authorized sentence in this case. These facts are related to prior convictions such that they are within the court's determination.

And, in any event, Connelly admitted the relevant facts the district court relied on to arrive at the applicable offense level. United States v. McCully, 407 F.3d 931, 933 (8th Cir. 2005) ("[A] fact in the PSR not specifically objected to is admitted for purposes of Booker."). Accordingly, there is no Sixth Amendment violation here. See United States v. Burns, 409 F.3d 994, 995 (8th Cir. 2005).

Even though the court committed no constitutional error, it did commit error by applying the sentencing guidelines mandatorily. Because Connelly challenged his sentence in light of Blakely before the district court, we review for harmless error. United States v. Haidley, 400 F.3d 642, 644 (8th Cir. 2005). In determining whether an error is harmless, Federal Rule of Criminal Procedure 52(a) provides that any error not affecting substantial rights should be disregarded. In this instance, the burden of proof lies with the government as the beneficiary of the error. Id. To carry that burden in a case where the error is not of constitutional magnitude, the government must establish that no "grave doubt" exists as to whether the error substantially influenced the outcome of the proceedings. Id. at 645 (citing Kotteakos v. United States, 328 U.S. 750, 764-65 (1946)); United States v. Storer, No. 04-2868, 2005 WL

1528785, at *3 (8th Cir. June 30, 2005). If the effect of the error is uncertain, the government has not shown the error is harmless. Haidley, 400 F.3d at 645.

We conclude the error was harmless. At sentencing, the district court noted that he was mindful of particular aspects of Connelly's childhood that might be contributing to his aberrant behavior as an adult, but noted that "you're 54 years old now and you have had prior convictions, sentences, mercy, and chances in the past. . . . And something needs to get your attention. So, I'm going to sentence you to 24 months and three years of supervised release." This statement by the district court removes any grave doubt that the Booker error "substantially influenced the outcome of the proceedings." Id. The district court was clearly concerned with imposing a sentence that would likely affect Connelly's future behavior.

The judgment of the district court is affirmed.

_____