# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3534

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska |
| John K. Hulit, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: July 27, 2005
Filed: August 19, 2005

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

John Hulit appeals from the final judgment entered in the District Court for the District of Nebraska upon his guilty plea to possessing with intent to distribute less than 50 grams of a methamphetamine mixture, in violation of 21 U.S.C. § 841(a)(1) and (b)(1). The district court sentenced Hulit to 57 months imprisonment and 3 years supervised release. For reversal, Hulit argues that the federal Sentencing Guidelines are unconstitutional after <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). For the reasons discussed below, we reverse and remand.

The district court erred in sentencing Hulit under a mandatory Guidelines regime, see United States v. Booker, 125 S. Ct. 738, 756-57 (2005) (holding Guidelines to be only advisory), and Hulit preserved this question at sentencing. We thus review for harmless error. See id. at 769. We are left with "grave doubt" as to whether the error was harmless: Hulit was sentenced at the bottom of the Guidelines range, see United States v. Haidley, 400 F.3d 642, 644-45 (8th Cir. 2005) (holding not harmless district court's error in imposing sentence under mandatory regime where court sentenced defendant to bottom of Guidelines range, even if no Sixth Amendment issue was present), and the court suggested that Hulit's sentence would have been lower if the Guidelines did not apply. Accordingly, we remand for resentencing.

———————————————————