# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-4148

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Donald R. Swank, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: August 23, 2005
Filed: August 30, 2005

_____

Before ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Donald Swank challenges the sentence imposed by the district court upon his guilty plea to conspiring and attempting to manufacture 5 or more grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. For reversal, he argues under United States v. Booker, 125 S. Ct. 738 (2005), that the district court erred in sentencing him under a sentencing scheme that is no longer valid.

The district court erred in sentencing Mr. Swank under a mandatory Guidelines regime, see Booker, 125 S. Ct. at 756-57, and Mr. Swank sufficiently preserved the

issue at sentencing by challenging his sentencing range under <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), <u>see</u> <u>United States v. Pirani</u>, 406 F.3d 543, 549 (8th Cir. 2005) (en banc), <u>petition for cert. filed</u>, (U.S. July 27, 2005) (No. 05-5547). We thus review for harmless error. <u>See</u> <u>United States v. Haidley</u>, 400 F.3d 642, 644-45 (8th Cir. 2005).

We are left with "grave doubt" as to whether the error was harmless: not only was Mr. Swank sentenced at the bottom of the Guidelines range, <u>see</u> <u>id.</u> at 645 (holding not harmless district court's error in imposing sentence under mandatory Guidelines regime where court sentenced defendant to bottom of Guidelines range, even if no Sixth Amendment issue was present), but the court stated explicitly that the sentence given was the lowest allowed by law. Accordingly, we remand for resentencing.

_____