# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1260

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Frederick Allen McCormick, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: September 7, 2005
Filed: September 12, 2005

_____

Before MELLOY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Frederick McCormick challenges the sentence imposed by the district court upon his guilty plea to possession of pseudoephedrine for the purpose of manufacturing methamphetamine, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(c)(2). In a subsequent motion for remand, and on appeal, he argues under United States v. Booker, 125 S. Ct. 738 (2005), that the district court erred in sentencing him under a sentencing scheme that is no longer valid.

The district court erred in sentencing McCormick under a mandatory Guidelines regime, see Booker, 125 S. Ct. at 756-57, and McCormick sufficiently

preserved the issue at sentencing by challenging his sentencing range under <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), <u>see</u> <u>United States v. Pirani</u>, 406 F.3d 543, 549 (8th Cir. 2005) (en banc), <u>petition for cert. filed</u>, (U.S. July 27, 2005) (No. 05-5547). We thus review for harmless error.  <u>See</u> <u>United States v. Haidley</u>, 400 F.3d 642, 644-45 (8th Cir. 2005).  The government has the burden to prove that the error was harmless, and must show that the error did not affect McCormick's substantial rights --i.e., that the district court would have imposed the same sentence under advisory Guidelines.  <u>See</u> <u>id.</u>

We are left with "grave doubt" as to whether the error was harmless: McCormick was sentenced at the bottom of the Guidelines range, <u>see</u> <u>id.</u> at 645 (holding not harmless district court's error in imposing sentence under mandatory Guidelines regime where court sentenced defendant to bottom of Guidelines range, even if no Sixth Amendment issue was present), and the government has pointed to nothing in the record that shows the district court would have imposed the same sentence under an advisory system.  Accordingly, we remand for resentencing, and we deny the pending motion to remand as moot.

_____