# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3773

_____

United States of America,        *
        *
      Appellee,        *
        *   Appeal from the United States
   v.        *   District Court for the
        *   District of Minnesota.
Sheryl Brown,        *
        *   [UNPUBLISHED]
      Appellant.        *

_____

Submitted:  September 7, 2005
Filed:  September 27, 2005

_____

Before ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Sheryl Brown challenges the amount of restitution and the sentence imposed by the district court upon her guilty plea to mail fraud, in violation of 18 U.S.C. §§ 1341 and 1346.  From February to December 2003, while still on probation from a 1993 theft conviction in Texas, Brown embezzled $115,200.96 from her employer Park Midwest Commercial Real Estate (Midwest).  At sentencing in October 2004, the district court calculated a Guidelines imprisonment range of 15-21 months; imposed a sentence of 15 months imprisonment, to be served consecutively to whatever sentence Brown received on her Texas probation violation, and 3 years supervised release; and ordered Brown to pay $125,000 in restitution--$115,200.96

in embezzled funds, $66 for copies of bank-deposit records, and $9,733.04 in staff investigation costs--to Midwest. On appeal, Brown argues that the district court erred in including Midwest's investigation costs in the restitution amount without a detailed accounting of such costs, in making her federal sentence consecutive to her probation-violation sentence, and in sentencing her under a mandatory Guidelines scheme.

Brown does not dispute that she owes at least $115,266.96 in restitution or that under 18 U.S.C. § 3663A(b)(4) (providing for reimbursement to victim of expenses incurred during participation in investigation or prosecution of offense), Midwest's investigation costs were properly includable in the restitution amount. Rather she takes issue with the $9,733.04 amount. We conclude that the district court did not clearly err in ordering partial restitution of Midwest's investigation costs based on cost estimates in a sworn affidavit from Midwest's chief financial officer, in which the officer stated that Midwest had expended $25,000 in staff investigation costs reconstructing its financial records in order to identify and correct the numerous falsified transactions Brown had made. Cf. United States v. Porter, No. 04-4082, 2005 WL 1862375, at *3 (8th Cir. Aug. 8, 2005) (no clear error in district court's $80,000 restitution calculation where government presented declaration of mail-fraud victim's husband, in which husband stated that he sent defendant two checks on behalf of his wife, totaling $80,000, and husband had firsthand knowledge of family's financial transactions); United States v. Moyer, 313 F.3d 1082, 1087 (8th Cir. 2002) (finding no clear error where ordered restitution equaled amount that executive from victim bank provided as amount that bank had lost on loan).

As to Brown's sentence, we conclude that the district court erred in sentencing her under a mandatory Guidelines scheme, see United States v. Booker, 125 S. Ct. 738, 756-57 (2005) (holding Guidelines to be only advisory), and Brown preserved this issue at sentencing by raising Blakely v. Washington, 542 U.S. 296 (2004), see United States v. Pirani, 406 F.3d 543, 550 (8th Cir. 2005) (en banc) (Booker error

preserved by, inter alia, raising <u>Blakely</u>), <u>petition for cert. filed</u>, (U.S. July 27, 2005) (No. 05-5547)).  We thus review for harmless error.  <u>See</u> <u>Unites States v. Haidley</u>, 400 F.3d 642, 644-45 (8th Cir. 2005).  We are left with "grave doubt" as to whether the error was harmless:  Brown was sentenced at the bottom of the applicable Guidelines range and we cannot say with confidence that the sentence would have been the same under an advisory Guidelines scheme.  <u>See</u> <u>id.</u>  Accordingly, we remand for resentencing.

_____