# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-3975

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Kent M. Flentge, | * | |
| | * | [UNPUBLISHED] |
| Defendant - Appellant. | * | |

———————

Submitted: October 11, 2005
Filed: October 21, 2005

———————

Before BYE, BEAM, and SMITH, Circuit Judges.

———————

PER CURIAM.

Kent M. Flentge was found guilty by a jury of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). He was sentenced to seventy-eight months of imprisonment. Flentge appeals both an evidentiary ruling under Rule 106 of the Federal Rules of Evidence and his sentence. We affirm his conviction but vacate his sentence and remand for resentencing.

In January 2004, Flentge encountered police officers at his brother's house looking for firearms possessed illegally by his brother. After the police warned Flentge he could be prosecuted for not cooperating, he took the police to his

grandmother's property and retrieved the firearms. Although he claimed the firearms belonged to relatives, the police arrested him for being a felon in possession.

While detained, he made a number of admissions in two fifteen-minute telephone calls. Prior to trial, the government requested three short segments of these calls be admitted into evidence, while Flentge requested the entirety of both calls be played for the jury. The district court sustained the government's objection to playing the entire conversations because Flentge could not admit into evidence his own out-of-court statements. Fed. R. Evid. 801(d)(2). Flentge was offered the opportunity to enter into evidence other portions of the calls to place the three segments in context. He did not. At trial, the three segments were admitted, and Flentge did not offer any additional portions. The jury found Flentge guilty.

Flentge's Sentencing Guideline range was seventy-eight to ninety-seven months of imprisonment, and he was sentenced to the minimum in this range. Although Flentge made a challenge to his sentence under Blakely v. Washington, 542 U.S. 296 (2004), the court determined the Guidelines were not unconstitutional as applied. The district court, however, did not state how it would have sentenced Flentge if the Guidelines were advisory.

We review the district court's legal interpretation of an evidentiary rule de novo, United States v. Blue Bird, 372 F.3d 989, 991 (8th Cir. 2004), but review the district court's application of the rule for an abuse of discretion. United States v. King, 351 F.3d 859, 866 (8th Cir. 2003). Under Rule 106, "[w]hen a . . . recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part . . . which ought in fairness to be considered contemporaneously with it." Fed. R. Evid. 106. Additional parts of the recording can be admitted if they are necessary to "(1) explain the admitted portion, (2) place the admitted portion in context, (3) avoid misleading the trier of fact, or (4) insure a fair

and impartial understanding." United States v. Sweiss, 814 F.2d 1208, 1211-12 (7th Cir. 1987) (citation omitted).

To sustain a Rule 106 objection, "the party urging admission of an excluded conversation must specify the portion of the testimony that is relevant to the issue at trial and that qualifies or explains portions already admitted." United States v. King, 351 F.3d at 866 (quoting United States v. Webber, 255 F.3d 523, 526 (8th Cir. 2001)) (internal quotation marks omitted). Additionally, "the district court has broad discretion to conduct the trial in an orderly and efficient manner, and to choose among reasonable evidentiary alternatives to satisfy the rule of completeness." Webber, 255 F.3d at 526.

In this case, Flentge never identified which portions of the record would be relevant to the trial and how the additional excerpts would place the government's evidence in context. He simply avers the entire conversations should have been admitted "to explain the circumstances surrounding the portions of the conversations the government admitted into evidence during trial which misled the jury into a wrongful conviction." Without further explanation, Flentge has not met his burden under Rule 106, and the district court did not err.

In his pro se supplemental brief to this court, Flentge claims his sentence should be reversed under United States v. Booker, 543 U.S. 738 (2005), because he was sentenced under the mandatory Guidelines scheme. Because he preserved his error below, we review for harmless error. United States v. Archuleta, 412 F.3d 1003, 1005 (8th Cir. 2005). An error is harmless if it does not affect Flentge's substantial rights. Fed. R. Crim. P. 52(a). The government, as beneficiary of the error, bears the burden of proof. United States v. Haidley, 400 F.3d 642, 644 (8th Cir. 2005). It must show this court does not have "'grave doubt' as to whether the error substantially influenced the outcome of the proceedings." Id. at 645 (citation omitted).

At sentencing, the district court imposed the lowest sentence under the Guidelines. It stated: "If the guidelines were to be ruled unconstitutional[,] . . . I don't know what your sentence would be, and I am not telling you what it would be if the guidelines didn't apply. I simply don't know what it would be." In sentencing Flentge to the minimum, the court recognized his "prior convictions are relatively minor" and considered "what people who know [him] have said about [his] character." Under this record, the government has failed to meet its burden to establish the absence of "grave doubt" as to whether Flentge's sentence would have been the same under the post-Booker regime. See United States v. Love, 419 F.3d 825, 829 (8th Cir. 2005). Accordingly, we vacate Flentge's sentence and remand for resentencing.

_____