# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3832

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Donald Ray Wallace, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 3, 2005
Filed: November 9, 2005

_____

Before ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Donald Ray Wallace appeals the sentence the district court imposed after Wallace pleaded guilty to distributing 5 or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Initially, the district court sentenced Wallace to 110 months imprisonment, below his 188-255 months Guidelines range. On appeal, this court remanded to the district court for resentencing within the Guidelines range after concluding the downward departure was inappropriate. At resentencing, Wallace raised an objection based on Blakely v. Washington, 524 U.S. 296 (2004). Believing it was bound to sentence Wallace within the Guidelines range based on our decision, the district court sentenced Wallace to 188 months in prison.

In this appeal from resentencing, Wallace cites <u>Blakely</u> and <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), and argues the district court committed error in sentencing him under a mandatory Guidelines scheme and in classifying him as a career offender based on earlier convictions not found by a jury.

As we have previously held, the Sixth Amendment does not require the fact or nature of a prior conviction to be proven to a jury beyond a reasonable doubt before classifying a defendant as a career offender. <u>See</u> <u>United States v. Marcussen</u>, 403 F.3d 982, 984 (8th Cir. 2005), <u>cert. denied</u> , 74 U.S.L.W. 3210 (U.S. Oct. 3, 2005) (No. 05-5547). It was error, however, to sentence Wallace under a mandatory Guidelines scheme, and because Wallace preserved the issue, we review to determine whether the error was harmless. <u>See</u> <u>United States v. Pirani</u>, 406 F.3d 543, 550 (8th Cir. 2005) (en banc) (<u>Booker</u> error preserved by, inter alia, raising <u>Blakely</u>), <u>cert. denied</u>, 2005 WL 1811058 (U.S. Oct. 3, 2005); <u>United States v. Haidley</u>, 400 F.3d 642, 644-45 (8th Cir. 2005) (preserved <u>Booker</u> error reviewed for harmless error). At sentencing, the district court stated it felt bound by the Guidelines, and it believed the sentence at the bottom of the Guidelines range was "unreasonably punitive"; the court also announced an alternative, lower sentence it would impose were it not bound by the Guidelines. These comments demonstrate the error was not harmless. Accordingly, we remand for resentencing.

_____