# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3106

_____

United States of America,                      *
                                               *
            Appellee,                          *
                                               *
      v.                                        *
                                               *
Jeffrey Victor Hershberger,                    *
                                               *
            Appellant.                          *
----------------------------------    *    Appeal from the United States
                                               *    District Court for the Southern
United States of America,                      *    District of Iowa.
                                               *
            Appellee,                          *           [UNPUBLISHED]
                                               *
      v.                                        *
                                               *
Jeffrey Victor Hershberger,                    *
                                               *
            Appellant.                          *

_____

Submitted:  February 6, 2006
      Filed:  February 7, 2006

_____

Before MELLOY, FAGG, and BENTON, Circuit Judges.

_____

PER CURIAM.

After Jeffrey Victor Hershberger pleaded guilty to federal charges of bank robbery and carjacking, the district court sentenced Hershberger to 151 months imprisonment and 2 years supervised release. Hershberger appeals, and we vacate his sentence and remand for resentencing.

At sentencing, the district court concluded Hershberger was a career offender based in part on his prior felony convictions for burglary and escape. See U.S.S.G. § 4B1.1(a) (career-offender status requires, among other things, two prior felony convictions for either crime of violence or controlled substance offense). Hershberger argues these convictions did not qualify him as a career offender because only one was countable in his criminal history score. See U.S.S.G. § 4B1.2(c)(2) (for purposes of career-offender Guideline, "two prior felony convictions" means sentences for at least two qualifying convictions are counted separately in criminal history). Specifically, from 1984 to 1993, Hershberger served consecutive prison sentences of 10 years on the burglary conviction and 5years on the escape conviction, and Hershberger argues only the escape sentence should be counted in his criminal history score. See U.S.S.G. § 4A1.2(e)(1) (count any earlier sentence of imprisonment exceeding 13 months if it resulted in defendant being incarcerated during any part of 15-year period before commencement of instant offense). Hershberger alternatively argues because Iowa law made his consecutive sentences "one continuous term of imprisonment," see Iowa Code § 908.8 (2003), he had only one conviction for the two crimes. The district court rejected both arguments, and Hershberger renews them here.

We need not reach Hershberger's arguments. Even if only the escape conviction is counted as one of the predicate crimes of violence, see United States v. Nation, 243 F.3d 467, 472 (8th Cir. 2001) (escape qualifies as crime of violence), Hershberger has another felony crime of violence to serve as the second predicate crime of violence, namely, a 1996 conviction for operating a vehicle without the owner's consent, for which he was sentenced to 2 years imprisonment. See United

States v. Lindquist, 421 F.3d 751, 754-55 (8th Cir. 2005) (defendant's earlier Iowa conviction for operating vehicle without owner's consent was crime of violence for purposes of § 4B1.2). Thus, the district court correctly concluded Hershberger was a career offender.

In addition to concluding Hershberger was a career offender, the district court calculated Hershberger's offense level under Chapters Two and Three of the Guidelines, and in doing so assessed enhancements for threat of death and reckless endangerment; the court also denied a minor-role adjustment. Hershberger's resulting total offense level was the same as his Chapter Four career-offender-based total offense level. On appeal Hershberger takes issue with the district court's rulings on the threat-of-death, reckless-endangerment, and minor-role adjustments. We need not address these issues because "if the offense level for a career offender . . . is greater than the offense level otherwise applicable, the [career offender] offense level . . . shall apply." See U.S.S.G. § 4B1.1(b); United States v. Horn, 187 F.3d 781, 792 (8th Cir. 1999) (erroneous 5-level enhancement to offense level harmless where it did not affect sentence), cert. denied, 529 U.S. 1029 (2000); United States v. Darden, 70 F.3d 1507, 1548 n.17 (8th Cir. 1995) (declining to review argument which would not affect sentence), cert. denied, 517 U.S. 1149 and 518 U.S. 1026 (1996); see also Williams v. United States, 503 U.S. 193, 203 (1992) (error with no affect on court's selection of sentence imposed is harmless)

This does not conclude our analysis, however, because the district court erroneously sentenced Hershberger under a mandatory Guidelines regime, see United States v. Booker, 125 S. Ct. 738, 756-57 (2005) (holding Guidelines to be only advisory), and Hershberger preserved this issue at sentencing by raising an objection under Blakely v. Washington, 542 U.S. 296 (2004). Having reviewed for harmless error, see United States v. Haidley, 400 F.3d 642, 644-45 (8th Cir. 2005), we are left with "grave doubt" whether the error was harmless: Hershberger was sentenced at the bottom of the applicable Guidelines range, and there is nothing in the record to

suggest the district court would have imposed the same sentence under an advisory system.  See id.

Accordingly, we remand for resentencing.

_____