# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 06-1716/1813

_____

United States of America,          *
          *
    Appellee/Cross-Appellant,    *
          *   Appeal from the United States
    v.                    *   District Court for the
          *   District of Nebraska.
Frederick Allen McCormick,    *
          *
    Appellant/Cross-Appellee.    *

_____

Submitted:  November 16, 2006
Filed:  December 21, 2006

_____

Before BYE, BOWMAN, and GRUENDER, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Frederick Allen McCormick pleaded guilty to possessing pseudoephedrine knowing or having reasonable cause to believe that it would be used to manufacture methamphetamine, 21 U.S.C. § 841(c)(2) (2000).  The District Court initially sentenced McCormick to 100 months of imprisonment, but we remanded for resentencing after United States v. Booker, 543 U.S. 220 (2005).  United States v. McCormick, 142 F. App'x 957, 958 (8th Cir. 2005) (per curiam) (unpublished).  On remand, the District Court calculated a base-offense level of 25 and a criminal history category IV, which resulted in a guidelines range of 84 to 105 months.  The District Court varied downward and sentenced McCormick to forty-eight months of imprisonment because McCormick's accomplice apparently received a sentence

between one and two years in state court. McCormick appeals, arguing that the sentence is unreasonably long in light of the 18 U.S.C. § 3553(a) factors. The government cross-appeals, arguing that the District Court abused its discretion by considering the accomplice's state-court sentence and committed clear error in determining the ultimate sentence. We agree with the government, and we remand for resentencing.

McCormick was arrested after buying pseudoephedrine while riding in his accomplice's vehicle. McCormick argued at the second sentencing hearing that an unwarranted sentencing disparity existed between his federal sentence and his accomplice's state sentence. Although no record of the accomplice's state conviction was introduced, the assistant U.S. attorney recalled that the accomplice's sentence was "one to two [years], or something like that." Sent. Tr. at 19. After considerable discussion about the accomplice's sentence, the District Court varied downward, stating, "I believe that the disparate sentences between the two of these gentlemen compels the court to reduce Mr. McCormick's sentence." Id. at 32–33.

We review a sentence for reasonableness, considering whether the sentencing court failed to consider a relevant factor that should have received significant weight, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment considering the facts of the case. United States v. Haack, 403 F.3d 997, 1004 (8th Cir.), cert. denied, 126 S. Ct. 276 (2005). In this case, the District Court lacked the authority to vary downward based on a disparity between McCormick's federal sentence and his accomplice's state court sentence and therefore gave significant weight to an improper factor.

In United States v. Jeremiah, 446 F.3d 805 (8th Cir. 2006), we reaffirmed the principle first articulated by this Court in United States v. Deitz, 991 F.2d 443, 447 (8th Cir. 1993), that "the Commission's goal of imposing uniformity upon federal sentences for similarly situated defendants would be impeded, not furthered, if

potential federal/state sentencing discrepancies were considered. . . . The District Court was neither required nor permitted under § 3553(a)(6) to consider a potential federal/state sentencing disparity in imposing Jeremiah's sentence." Jeremiah, 446 F.3d at 807–08 (internal quotation marks and citations omitted); accord United States v. Vilchez, 967 F.2d 1351, 1353–55 (9th Cir. 1992) (holding that the district court's departure based on the sentencing disparity between the federal-court defendant and his state-court accomplice was erroneous under same reasoning articulated in Deitz and Jeremiah).

Under this Court's precedent, the District Court abused its discretion by considering the disparity between McCormick's federal sentence and his accomplice's state-court sentence. The District Court also clearly erred by sentencing McCormick forty-three percent below the low end of the guidelines range based on the unextraordinary circumstances of this case. See United States v. Dalton, 404 F.3d 1029, 1033 (8th Cir. 2005) ("An extraordinary reduction must be supported by extraordinary circumstances."). We reject McCormick's argument on appeal that the sentence is unreasonably long. See, e.g., United States v. Puckett, 163 F. App'x 430, 431 (8th Cir. 2006) (per curiam) (unpublished) (rejecting defendant's challenge that sentence below advisory range was unreasonable). We reverse and remand for resentencing consistent with this opinion.

_____