# United States Court of Appeals

### For the Eighth Circuit

_____

No. 21-3839

_____

United States of America

*Plaintiff - Appellee*

v.

James E. Workman

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: January 10, 2023
Filed: June 22, 2023

_____

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

A jury found James E. Workman guilty of three counts of wire fraud, violations of 18 U.S.C. § 1343; one count of theft of government money, a violation of 18 U.S.C. § 641; and two counts of Social Security fraud, one a violation of 42 U.S.C. § 408(a)(4) and one a violation of 42 U.S.C. § 408(a)(3). Workman appeals the district court's denial of his motion for judgment of acquittal, arguing that the

evidence was insufficient to prove that he had had the requisite criminal intent to commit the offenses. He also appeals the district court's order for restitution in the amount of $168,456. We affirm the denial of Workman's motion, vacate the restitution and forfeiture orders, and remand for further proceedings.

## I. Background

Workman was approved for disability benefits in September 2007, receiving benefits retroactive to July 2007. He was instructed at that time to inform the Social Security Administration (SSA) if he began working or if any of the information in his application changed. Nevertheless, Workman did not inform SSA when he and his wife began operating A.V. Heating & Cooling in 2009. When the SSA reviewed his disability eligibility in 2010, Workman reported that he was not working and did not believe that he was able to work. He reported that his typical daily activities consisted of household chores and watching television. He told a psychologist performing a medical review that he hoped to start a heating and cooling business in the future, but did not mention the already-existing A.V. Heating & Cooling.

A.V. Heating & Cooling grew during the following years. Workman and his wife incorporated the business as an LLC in 2014. Workman conversed with customers on the phone and conducted installations and repairs. He nevertheless again responded to a 2014 SSA inquiry by stating that he was not working. He also applied for benefits on behalf of three of his children in 2016.

Having received a tip that Workman was self-employed, the SSA began an investigation in 2016. Workman confirmed that he owned A.V. Heating & Cooling and reported that he worked on average 20 hours per week. He maintained that he did not believe he needed to report this work because he was not earning more than $1,000 per month. The SSA determined that Workman was self-employed and had

-2-

not been eligible for benefits since February 2010, resulting in an overpayment to Workman of $168,456 since that time.

## II. Judgment of Acquittal

We review *de novo* the district court's denial of Workman's motion for judgment of acquittal, viewing the evidence in the light most favorable to the government. United States v. Lewis, 895 F.3d 1004, 1008 (8th Cir. 2018). We will reverse only if "a reasonable fact finder could not have found all the elements of the offense beyond a reasonable doubt." Id. at 1008–09 (cleaned up).

Workman contends that the evidence presented at trial shows that he merely misunderstood his obligation to report work activity, and not that he had knowingly defrauded and stolen from the SSA. He accordingly argues that the government failed to prove that he had the requisite fraudulent intent to commit each of the offenses of which he was convicted. See United States v. Garbacz, 33 F.4th 459, 467 (8th Cir. 2022) (government must prove that defendant had intent to defraud for conviction under 18 U.S.C. § 1343); United States v. Rehak, 589 F.3d 965, 973 (8th Cir. 2009) (government must prove that defendant voluntarily, intentionally, and knowingly stole government funds for conviction under 18 U.S.C. § 641); United States v. Phythian, 529 F.3d 807, 812 (8th Cir. 2008) (for conviction under 42 U.S.C. § 408(a)(4), government must prove that defendant knowingly concealed event affecting his right to benefits with intent fraudulently to secure benefits he was not due); United States v. Henderson, 416 F.3d 686, 692 (8th Cir. 2005) (government must prove that defendant had fraudulent intent for conviction under 42 U.S.C. § 408(a)(3)).

The government presented evidence that Workman, together with his wife, had established a heating and cooling business in 2009, and that he personally took calls from customers and performed installations and service. The government also

presented evidence that the SSA repeatedly informed Workman of his obligation to report work; that Workman did not report the establishment of his business or any earnings before 2016; that he denied working in 2010 and 2014; that he did not report his employment-related activities when listing his daily activities during his benefits review in 2010 or report any change to his activities in 2014; and that he told a psychologist during his benefits review that he planned to start a business in the future a year after he had already done so. A jury could reasonably disregard Workman's asserted reason for these inconsistencies—that he did not believe that he had to report "work" below a certain income threshold—and find that he acted with the intent to defraud the SSA by receiving benefits for which he was not eligible. See United States v. Morris, 723 F.3d 934, 939 (8th Cir. 2013) (concluding that a reasonable jury could disregard defendant's claim of a good-faith misinterpretation of SSA's definition of "work" and find that defendant knowingly or intentionally stole SSA funds when he reported to SSA that he did not work but represented to state board and an IRS agent that he was a practicing accountant); Phythian, 529 F.3d at 812 (concluding that jury could infer that defendant had intent to fraudulently secure disability benefits because she failed to report working despite being repeatedly advised of obligation to report it).

## III. Restitution

The district court ordered restitution to the SSA under the Mandatory Victims Restitution Act, which requires "defendants convicted of a crime 'committed by fraud or deceit' to make restitution to the victim of the offense in the full amount of each victims' loss." See United States v. Spencer, 700 F.3d 317, 322 (8th Cir. 2012) (quoting 18 U.S.C. §§ 3663A(c)(1)(A)(ii), 3664(f)(1)(A)). We review for clear error the district court's finding on the amount of loss. Id. at 323. The district court determined that the SSA suffered loss in the amount of $168,456.

The government must prove by a preponderance of the evidence the amount of loss. United States v. Frazier, 651 F.3d 899, 903 (8th Cir. 2011). To meet its burden here, the government presented the SSA's determination that Workman became ineligible for benefits beginning February 2010. The SSA found that Workman had completed a trial work period between February and October 2009 and that he had been engaged in substantial gainful activity (SGA) since November 2009. Accordingly, the SSA determined that he became ineligible for benefits in February 2010, because the regulations allowed Workman to receive benefits throughout the trial work period and for three months thereafter. See 20 C.F.R. §§ 404.1592(a), 404.1592a(a)(2)(i).

The government failed, however, to present evidence to show the date on which Workman became ineligible for benefits. At trial, the government presented evidence that Workman reported to SSA that he began working in February 2009 and worked an average of 20 hours per week. An SSA agent testified that those hours met the threshold to qualify as Workman's trial work period. See 20 C.F.R. § 404.1592(b)(2)(ii) (any month in which self-employed benefits recipient works eighty hours counts toward nine-month trial work period). The agent further testified that the SSA has three tests for evaluating whether a self-employed benefits recipient engaged in substantial gainful activity after his trial work period. However, the government did not elicit testimony from the agent or otherwise present evidence to show that the requirements for any of these tests were met as of November 2009.[1] Because eligibility for benefits following the trial work period is dependent on whether the recipient is engaged in SGA, we cannot discern from this record when

_____

[1]On appeal, the government asserts that the SSA applied the comparability test. Although SSA did tell Workman that the comparability test was the basis for its decision in an interview prior to issuing its final determination, the testimony at trial was ambiguous and referenced all three tests. Regardless, the government did not present evidence that any of the tests had been met.

Workman transitioned from benefits-eligible to benefits-ineligible status. See 20 C.F.R. § 404.1592a.

The government argues that the district court was entitled to rely on the SSA's determination, claiming that it constituted credible evidence of the SSA's loss and that it was, in effect, a victim impact statement. See United States v. Brown, 150 F. App'x 575, 576 (8th Cir. 2005) (per curiam) (district court did not clearly err by ordering partial restitution based on victim's sworn affidavit as to loss). Reliance on the SSA's determination alone does not allow the court to meaningfully review the calculation of amount of loss when, as here, that amount is challenged by the defendant. The government was thus required to present evidence to show that Workman engaged in substantial gainful activity in November 2009. We hold that the district court erred in accepting the statement of loss in the absence of evidence establishing the date that Workman became ineligible for benefits.

We note that this case does not require us to review the SSA's eligibility determination. We express no views regarding the adequacy of the SSA's analysis. We conclude only that the evidence submitted by the government does not establish the date on which Workman became ineligible for benefits. The evidence therefore does not establish the amount of SSA's loss and thus does not support the restitution order. The forfeiture order is likewise based upon a determination of Workman's ineligibility date, and so is likewise unsupported by the evidence. Workman concedes his conviction-based restitution obligation. Given the lack of sufficient evidence upon which to base a restitution order, however, "the district court should have postponed the restitution proceedings to allow for the gathering and presentation of additional evidence." United States v. Adetiloye, 716 F.3d 1030, 1040 (8th Cir. 2013) (noting that remand was appropriate to fulfill purpose of restitution statute).

The denial of Workman's motion for judgment of acquittal is affirmed. The restitution and forfeiture orders are vacated, and the case is remanded for the

presentation of additional evidence regarding the amount of the SSA's loss and the amount that Workman derived from his scheme.

————————————————————