# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3016

_____

United States of America,        *

                                     *

      Appellee,                 *

                                     *   Appeal From the United States

      v.                    *   District Court for the

                                   *   District of Nebraska.

Luz Raymundo Garcia,       *

                                   *

      Appellant.            *

_____

Submitted: March 17, 2005
Filed: April 27, 2005

_____

Before MURPHY, HEANEY, and SMITH, Circuit Judges.

_____

HEANEY, Circuit Judge.

      Luz Raymundo Garcia was charged by indictment with possessing with intent to distribute over 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1). He entered into a plea agreement, through which Garcia agreed to plead guilty and stipulate to responsibility for at least 500 grams and less than 1.5 kilograms of methamphetamine, which equates to a guideline base offense level of 32. See USSG § 2D1.1(c)(4). Prior to Garcia's sentencing, the Supreme Court issued its decision in Blakely v. Washington, 124 S. Ct. 2531 (2004). Before sentencing, Garcia filed a motion asking the district court to hold the guidelines unconstitutional in light of Blakely. At sentencing, Garcia renewed this motion, which the district

court denied. Garcia then argued that the presentence report overstated his criminal history, which the district court treated as a motion for a downward departure and denied. After an offense level adjustment for acceptance of responsibility, Garcia had a guideline range of 121 to 151 months.[1] The district court sentenced Garcia to 121 months, and this appeal followed. On appeal, he contends that the district court erred in not holding the guidelines unconstitutional, and by not departing downward based on the overstatement of his criminal history. We remand for a new sentencing proceeding in light of United States v. Booker, 125 S. Ct. 738 (2005).

At the outset, we note that Garcia's motion to hold the guidelines unconstitutional was sufficient to preserve the Booker issue for our review. Accord United States v. Haidley, No. 04-3312, 2005 WL 600358, at *1 (8th Cir. Mar. 16, 2005). Because the district court did not impose any enhancements beyond drug quantity, which Garcia stipulated to, this case does not present any so-called "Sixth Amendment violation." Booker, 125 S. Ct. at 769. Rather, this case presents precisely the same issue as was presented to the court in Haidley: a defendant sentenced to the low end of the guidelines, who preserves a Booker issue, but who faced no enhancements based on judge-found facts. As stated in Haidley,

> The issue we face, then, may be framed as follows. Is it harmless error to sentence a defendant under a mandatory federal sentencing guideline regime, as opposed to the Booker advisory system, when there is no Sixth Amendment issue as to the guideline computation and the defendant is sentenced at the bottom of the federal sentencing range?

Haidley, 2005 WL 600358, at *1. Haidley recognized that in such a circumstance, the government bears the burden of proving that the error was harmless. Haidley, 2005 WL 600358, at *2. Where the district court sentences the defendant to the low

---

[1]The charge to which Garcia pled guilty carries a mandatory minimum sentence of at least 120 months. See 21 U.S.C. 841(b)(1)(A)(viii).

end of the guidelines, and nothing in the record suggests that the sentence would be the same if the guidelines were advisory, the government cannot satisfy the burden of proving the sentencing error is harmless.[2] <u>Id.</u>

We find nothing to distinguish this case from <u>Haidley</u>. Garcia pled guilty, stipulated to the guideline calculations, but argued that the guidelines were an unconstitutional scheme. He thus properly preserved the issue for review. Moreover, he was sentenced at the low end of the guidelines, and our review of the record does not support the view that Garcia would have received the same sentence if the district court was aware that the guidelines were not binding.[3] We thus remand for resentencing.

_____

[2]<u>Haidley</u> left unresolved the question of whether we review <u>Booker</u> sentencing errors to determine if the error was harmless beyond a reasonable doubt, <u>Chapman v. California</u>, 386 U.S. 18, 24 (1967), or under the less stringent "grave doubt" standard announced in <u>Kotteakos v. United States</u>, 328 U.S. 750, 764-65 (1946). We need not decide that issue here, as the record supports Garcia's position under either standard.

[3]Although the government was presented with the opportunity to show that the sentencing error was harmless, it did not assert such a claim in its brief, and it waived oral argument. Thus, it has not satisfied its burden of showing that the sentencing error was harmless.