# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2930

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| Tyrone Johnson, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: May 9, 2005
Filed: May 18, 2005

_____

Before LOKEN, Chief Judge, BEAM, and SMITH, Circuit Judges.

_____

PER CURIAM.

Tyrone Johnson pled guilty to distributing five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). At sentencing, Johnson objected to the application of the United States Sentencing Guidelines, arguing under Blakely v. Washington, 124 S. Ct. 2531 (2004), that the guidelines scheme in its entirety was unconstitutional. The parties stipulated to the base offense level as well as the applicable adjustments, establishing a guideline range of thirty-seven to forty-six months' imprisonment. The district court sentenced Johnson to a term of thirty-seven months' imprisonment and a four-year term of supervised release.

Johnson's objection to the guidelines at sentencing sufficiently preserved the United States v. Booker issue for our review. 125 S. Ct. 738 (2005). In the instant case we are faced with a situation we've recently addressed: a defendant sentenced to the low end of the guidelines, who preserves a Booker issue, but who faced no enhancement based on judge-found facts. See United States v. Garcia, No. 04-3016, 2005 WL 957319 (8th Cir. Apr. 27, 2005); United States v. Haidley, 400 F.3d 642 (8th Cir. 2005). As such, the issue is whether it is "harmless error to sentence a defendant under a mandatory federal sentencing guideline regime, as opposed to the Booker advisory system, when there is no Sixth Amendment issue as to the guideline computation and the defendant is sentenced at the bottom of the federal sentencing guideline range." Haidley, 400 F.3d at 644.

Proving harmless error, or that any error does not affect substantial rights, is a burden that lies with the beneficiary of the error. Here, that is the government. See Chapman v. California, 386 U.S. 18, 24 (1967). As in Garcia and Haidley, there is nothing in this record to indicate that Johnson's sentence would have been the same under advisory guidelines. See United States v. Marcussen, No. 04-2935, 2005 WL 820350 (8th Cir. Apr. 11, 2005) (finding harmless error because the district court set forth on the record the sentence it would have imposed had the mandatory guidelines scheme not been in place). Thus, the government has not satisfied its burden of proving the sentencing error is harmless. Garcia, 2005 WL 957319, at *2.

We therefore vacate Johnson's sentence and remand for resentencing.

_____