# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-2704

———————

United States of America,           *
                                    *
        Appellant,                  *
                                    *    Appeal from the United States
v.                                  *    District Court for the Western
                                    *    District of Missouri.
Kenneth Ray Ellis,                  *
                                    *
        Appellee.                   *

———————

Submitted: April 12, 2005
Filed: August 9, 2005

———————

Before COLLOTON, McMILLIAN, and BENTON, Circuit Judges.

———————

BENTON, Circuit Judge.

Kenneth Ray Ellis appeals his sentence, imposed after he pled guilty to possessing a destructive device in violation of 26 U.S.C. §§ 5861(d) and 5871. Three days after the oral announcement of sentence, Ellis moved for resentencing under *Blakely v. Washington*, 542 U.S. 296 (2004), attacking the constitutionality of the United States Sentencing Guidelines and the judicial fact-finding supporting the enhancements. Before the appeal was filed, the district court denied his motion. Jurisdiction being proper under 18 U.S.C. § 3742 and 28 U.S.C. 1291, this court remands for resentencing in accordance with *United States v. Booker*, __ U.S. __, 125 S.Ct. 738 (2005).

As to fact-finding, this case does not present a Sixth Amendment violation, because Ellis admitted the supporting facts by not objecting to the Presentence Investigation Report (which detailed his convictions, probation, and stipulation of facts). *See United States v. McCully,* 407 F.3d 931, 933 (8th Cir. 2005).

By the plea agreement, Ellis did retain the right to appeal "sentencing issues which have not been agreed upon or which have not been specifically addressed in the plea agreement." Thus, he may appeal the district court's use of the guidelines as mandatory. *See United States v. Lea*, 400 F.3d 1115, 1116 (8th Cir. 2005). Applying the guidelines as mandatory is (understandable) error. *See United States v. Pirani*, 406 F.3d 543, 553 (8th Cir. 2005) (en banc).

The standard of review for this error depends on whether Ellis preserved his objection in the district court. Errors not properly preserved are reviewed only for plain error. *Id*. at 549; **FED R. CRIM. P.** 52(b).

Criminal Rule 35(a) states: "Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." **FED R. CRIM. P. 35(a)**. Applying the guidelines as mandatory is a "clear" error. *Pirani*, 406 F.3d at 550. Ellis's motion was timely and clearly stated the objection, giving the trial court an opportunity to correct the error. *See United States v. Williams*, 994 F.2d 1287, 1294 (8th Cir. 1993); **FED R. CRIM. P. 51(b)**. True, the standard of review for the district court's decision on a Rule 35 motion is for abuse of discretion. *See United States v. Gruenberg*, 53 F.3d 214, 215 (8th Cir. 1995). However, a district court by definition abuses its discretion when it makes a clear error. *See Koon v. United States*, 518 U.S. 81, 100 (1996). Ellis thus preserved his objection to the mandatory application of the guidelines.

In order for this error to be disregarded, the government has the burden to prove that the error was harmless. *See Pirani*, 406 F.3d at 550. This requires the

government to show that the error did not affect Ellis's substantial rights. *See **United States v. Haidley***, 400 F.3d 642, 644 (8th Cir. 2005). The government must demonstrate that the district court would have imposed the same sentence if it applied the guidelines as advisory. *See **United States v. Garcia***, 406 F.3d 527, 529 (8th Cir. 2005); ***Haidley***, 400 F.3d at 645.

As in *Garcia* and *Haidley*, the district court here sentenced Ellis at the low end of the guideline range. *See **Garcia***, 406 F.3d at 529; ***Haidley***, 400 F.3d at 645. As in *Haidley*, the plea agreement here required the government "to recommend a sentence at the low end of the applicable guideline range" (which it did). However, the plea agreement here also states that if the court "imposes a sentence which defendant does not like or agree with, he will not be permitted to withdraw his plea of guilty." Nothing in the brief, perfunctory record suggests that the sentence would be the same if the guidelines were advisory. *See **United States v. Thompson***, 408 F.3d 994, 998 (8th Cir. 2005); ***United States v. Marcussen***, 403 F.3d 982, 985 (8th Cir. 2005).

Because there is no Sixth Amendment violation in this case – thus no error of constitutional magnitude – the government is required to establish that this court does not have "grave doubt" whether the error substantially influenced the outcome of the proceedings. ***Kotteakos v. United States***, 328 U.S. 750, 764-65 (1946); ***United States v. White***, 408 F.3d 399, 403 (8th Cir. 2005); ***United States v. Barnett***, 410 F.3d 1048, 1052 (8th Cir. 2005); ***United States v. Storer***, __ F.3d __, 2005 WL 1528785 at *3 (8th Cir. 2005); ***United States v. Bruce***, __ F.3d __, 2005 WL 1569461 at *1 (8th Cir. 2005). *Cf.* ***Haidley***, 400 F.3d at 645; ***Garcia***, 406 F.3d at 529 n.2; ***United States v. Galaviz***, __ F.3d __ n.1, 2005 WL 1773792 at *2 n.1 (2005); ***United States v. Archuleta***, 412 F.3d 1003, __ (8th Cir. 2005) (applying "reasonable doubt" standard, on the assumption that the sentence violated the Sixth Amendment).

As this court has a grave doubt that the error did not substantially influence the sentence in this case, the sentence is reversed, and the case remanded for resentencing.

_____