# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3215

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Leonard Love, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: April 12, 2005
Filed: August 22, 2005

_____

Before LOKEN, Chief Judge, WOLLMAN and BEAM, Circuit Judges.

_____

LOKEN, Chief Judge.

Leonard Love was convicted of possession with intent to distribute in excess of five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). Prior to the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), the district court[1] sentenced Love as a career offender to 360 months in prison. See U.S.S.G. § 4B1.1. Love appeals his conviction, arguing the district court erred in rejecting a Batson challenge and in admitting evidence of two prior drug convictions. We affirm the conviction. Love also appeals his sentence, arguing a constitutional

_____

[1]The HONORABLE E. RICHARD WEBBER, United States District Judge for the Eastern District of Missouri.

challenge to career offender sentencing that he preserved in the district court. Concluding that the district court understandably erred in treating the Guidelines as mandatory and that the government has not met its burden to show that the error was harmless, we remand for resentencing.

## I. The <u>Batson</u> Issue.

Love argues that the district court erred in overruling his objection that the government's use of a peremptory challenge was the product of purposeful race discrimination. Under <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986), if the objecting party makes a prima facie showing that a peremptory strike was racially discriminatory, and if the striking party responds with a facially race-neutral explanation for the strike, the district court must decide whether the objecting party has met his burden of proving purposeful race discrimination. <u>Purkett v. Elem</u>, 514 U.S. 765, 767 (1995). We review the court's determination of this issue for clear error. <u>United States v. Pherigo</u>, 327 F.3d 690, 695 (8th Cir.), <u>cert. denied</u>, 540 U.S. 960 (2003).

In selecting the jury, the government used two of its six peremptory strikes to remove two of the four African-Americans on the venire panel. Love objected to the strike of one prospective juror. The prosecutor explained that he struck this juror because the only hobby she listed was "watching TV" and because during voir dire she appeared to be rolling her eyes at the prosecutor's questions and "her body language was . . . unfriendly toward the government." The district court found that Love made the required prima facie showing but the government offered a race-neutral explanation for the strike -- the juror's hostile body language and facial expressions. <u>See</u> <u>Devoil-El v. Groose</u>, 160 F.3d 1184, 1186 (8th Cir. 1998), <u>cert. denied</u>, 525 U.S. 1163 (1999). Crediting the prosecutor's representations as to body language and facial expression, the court then overruled the <u>Batson</u> objection because Love failed to establish purposeful discrimination.

On appeal, Love argues that the district court relied too heavily on Devoil-El, disregarding fact differences between the two cases and failing to give the government's subjective assessments the careful scrutiny required by United States v. Jenkins, 52 F.3d 743, 746 (8th Cir. 1995), and earlier cases. We disagree. The district court expressly credited the government's explanation that the juror had rolled her eyes at the prosecutor's questions and exhibited unfriendly body language. The district court is in the best position to evaluate that credibility issue. See United States v. Hill, 249 F.3d 707, 714 (8th Cir. 2001). As this juror was the only strike challenged under Batson and Love failed to counter the government's explanation with persuasive evidence of pretext, the district court committed no clear error.

## II. The 404(b) Issue.

At trial, the government introduced evidence of three prior drug convictions -- a 2000 conviction for illegal possession of cocaine base; a 1994 conviction for second-degree drug trafficking; and a 1991 conviction for sale of a controlled substance (cocaine base). The district court instructed the jury as to the limited purposes for which this evidence may be used, both before it was admitted and again at the end of the trial. Love argues that the district court erred in admitting evidence of the two earlier convictions under Rule 404(b) of the Federal Rules of Evidence because the convictions were too remote in time and unduly prejudicial.

Rule 404(b) provides that evidence of past crimes is not admissible to prove propensity to commit criminal acts but is admissible for other purposes, such as to show intent or knowledge. "Rule 404(b) is a rule of inclusion committed to the broad discretion of the trial court." United States v. Moore, 98 F.3d 347, 349-50 (8th Cir. 1996). When the defendant in a drug prosecution denies the charged wrongdoing, as in this case, evidence of past drug convictions is admissible to prove both knowledge and intent. United States v. Foster, 344 F.3d 799, 801 (8th Cir. 2003), cert. denied, 541 U.S. 1031 (2004). Proximity in time is one factor in determining the relevance

-3-

of a prior drug conviction, but the standard is reasonableness, not an absolute number of years.  United States v. Hardy, 224 F.3d  752, 757 (8th Cir. 2000).  Here, it was well within the district court's discretion to rule that these very similar prior convictions were not overly remote.  Likewise, the district court did not abuse its discretion in ruling that the probative value of this evidence was not "substantially outweighed by the danger of unfair prejudice."  Fed. R. Evid. 403.

### III. The Sentencing Issue.

The district court found that Love's prior felony drug convictions increased his statutory maximum sentence to life in prison, see 21 U.S.C. § 841(b)(1)(B), and resulted in a career offender sentencing range of 360 months to life, see U.S.S.G. § 4B1.1.  These findings did not violate the Sixth Amendment under Booker, 125 S. Ct. at 756, but the court committed Booker error by treating the Guidelines as mandatory.  Love preserved this issue by making a Blakely objection at sentencing. United States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005) (en banc).  Therefore, we must consider whether the government has met its burden of proving that sentencing Love under a mandatory guidelines regime was harmless error.  See United States v. Haidley, 400 F.3d 642, 644 (8th Cir. 2005).

At sentencing, after the district court ruled that the applicable sentencing range is 360 months to life, counsel for Love argued that "[a]nything above 30 years, I think, would simply be unjust."  The court responded, "I agree."  In imposing the 360-month sentence, the court made no comment indicating what sentence would have been imposed in the absence of the mandatory Guidelines.  As the government notes on appeal, the court did clearly state that Love deserves a long prison sentence:

> Society just will not tolerate someone who begins a life of crime at the age that you began it and then has no substantial break in your criminal behavior from the time you began it in 1987 up until the time you were

convicted in this case. Society, through Congress, has passed these laws that say[] anyone who is involved in a life of crime, as you have been, has to be taken out of the mainstream of society because you -- you're a danger to society.

. . . . Robbery, assault, trafficking in drugs, possession of a controlled substance -- these offenses hurt people, and that's what -- that's why these laws are in place, so that people who, like you, who just will refuse to obey the law -- a time comes when enough is enough and society says you have to be taken away so that you can't hurt people anymore.

Though relevant, we do not think these comments satisfy the government's burden to prove harmless error, that is, the absence of "grave doubt" whether the district court would have imposed the same sentence had the court understood the advisory nature of the Guidelines under Booker.  United States v. Ellis, 2005 WL 1869039 (8th Cir. Aug. 9, 2005).  The prison sentence imposed was at the bottom of the applicable guidelines range.  Though we find nothing in the record justifying a lower sentence based upon the other sentencing factors in 18 U.S.C. § 3553(a), that is a determination Booker commits to the district court's discretion, at least in the first instance.  Just as we decline to speculate in the defendant's favor when conducting plain error review under Booker, see Pirani, 406 F.3d at 553, we likewise decline to speculate in the government's favor when conducting harmless error review. Therefore, Love must be resentenced.

We vacate Love's sentence and remand to the district court for resentencing.

_____