# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-4206

_____

United States of America,

         Appellee,

v.

Travis Michael Cullen,

         Appellant.

\*   Appeal from the United States
\*   District Court for the
\*   District of Minnesota.

_____

Submitted: October 11, 2005
Filed: January 5, 2006

_____

Before BYE, BEAM, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Travis Michael Cullen appeals his 135-month sentence following a guilty plea to one count of conspiracy to distribute more than 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Finding the district court's sentence under a mandatory Guidelines regime was not harmless error, we remand for resentencing in accordance with *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738 (2005).

## I. *Background*

In his plea agreement, Cullen agreed to the application of a four-level role enhancement under § 3B1.1 of the United States Sentencing Guidelines. After Cullen pleaded guilty, but before he was sentenced, the Supreme Court decided *Blakely v. Washington*, 542 U.S. 296 (2004). Thereafter, relying on *Blakely*, Cullen objected to the role enhancement, admitting that he signed the plea agreement but denying that he made a factual admission during his plea. Cullen also challenged the constitutionality of the Sentencing Guidelines raising the separation of powers doctrine. Cullen's new arguments prompted the government to move to set aside the guilty plea on the ground that Cullen breached his plea agreement.

At sentencing, the district court denied the government's motion to set aside the guilty plea. The court also found that the four-level role enhancement found in U.S.S.G. § 3B1.1 applied. The court relied on Cullen's signature on the plea agreement finding it was "the equivalent of the defendant acknowledging the factual basis that he was an organizer or leader of criminal activity that involved five or more participants . . . I read paragraph 11 of the plea agreement as basically a factual admission of the conduct necessary to give that four points." Sentencing Transcript at 11. The district court calculated Cullen's total offense level at 31: a base level of 30, plus four levels for the role enhancement, minus three levels for acceptance of responsibility. Thus, Cullen's Sentencing Guidelines range was 135 to 168 months based upon a criminal history category of III and an offense level of 31. The district court sentenced Cullen at the bottom of the Guidelines range (135 months' imprisonment), with four years of supervised release. In setting the sentence, the district court stated that the 135-month sentence "is the low end of the guidelines. Under the circumstances of this case and based upon what's in front of me, that's as low a sentence as I can impose." *Id*. at 14–15. Cullen now appeals his sentence raising two points.

## II. *Discussion*

First, Cullen claims that the district court violated his Sixth Amendment rights by applying the four-level role enhancement. Cullen argues that his plea agreement did not include an admission to the facts necessary to support that enhancement. The record shows Cullen did object to the Presentence Report's ("PSR") recommended role enhancement, and the government declined to present evidence to prove that enhancement. However, Cullen does not contend in this appeal that the facts as recited in the PSR do not support the four-level enhancement, and he did not object to the factual allegations contained in the PSR. By not objecting to the PSR's factual allegations, Cullen has admitted them.[1] *United States v. Ellis*, 417 F.3d 931, 933 (8th

---

[1]The relevant factual admissions contained in the PSR are as follows:

15.    Travis Cullen was deemed an organizer or leader of the conspiracy that involved five or more participants. Investigative materials indicate that he orchestrated quantities of marijuana from Los Angeles and San Francisco, California to Minnesota on multiple occasions. Investigative materials indicate that Cullen established sources for the purchase of marijuana and planned the specifics pertaining to transporting the marijuana. He recruited others to assist with the transportation and distribution of marijuana and reimbursed them financially for their assistance . . . . [I]nvestigative materials reveal additional shipments of marijuana to Minnesota at Cullen's direction prior to March 23, 2003 . . . .

20.    The defendant submitted the following written statement to the probation officer regarding the instant offense:

I have smoked marijuana since my early teens. By age 15 I was selling to others my age. It allowed me to have free marijuana and some additional cash. I sold bigger and bigger quantities as time went on. I was able to establish credit with several suppliers and turned it into a profitable business. In the case before the Court, I set up a transaction

Cir. 2005). "We have recently held that a fact in a PSR not specifically objected to is a fact admitted by the defendant for purposes of *Booker*." *United States v. Keller*, 413 F.3d 706, 709 (8th Cir. 2005). As a result, there is no Sixth Amendment error in this case because the facts in the PSR, which are admitted for *Booker* purposes, support the district court's imposition of the four-level enhancement for Cullen's role in the offense.

Second, Cullen argues that the district court committed procedural error under *Booker* by applying the Sentencing Guidelines as mandatory. We agree and reject the government's contention that Cullen waived, in his plea agreement, his right to make this challenge on appeal. Cullen's acknowledgment in paragraphs 7 and 8 of the plea agreement that certain Guidelines provisions would be applicable to his case did not specifically address the issue of mandatory or advisory application of the Guidelines. *United States v. Lea*, 400 F.3d 1115, 1116 (8th Cir. 2005). "Therefore, the language of the plea agreement cannot be construed to foreclose [Cullen's] ability to make this constitutional challenge." *Id.*

The government contends that Cullen did not argue in the district court that the Guidelines were unconstitutional based upon *Blakely* or the Sixth Amendment, nor did he argue that the Guidelines were merely advisory. Instead, Cullen argued that the Guidelines were unconstitutional based on a violation of the separation of powers between the second and third branches. The government states that any error should be reviewed under a plain error standard. Cullen responds that he did preserve his

---

on the west coast and sent Ryan Johnson out to courier the marijuana back to sell. He was caught and incriminated me. There is no doubt that he was working for me, that I was doing something totally illegal and no doubt that I knew what I was doing was illegal. I clearly was doing it for the money. Ben Schuckert was my partner in this deal and we were to split the profits.

*Booker* challenge because he alleged *Blakely* error in the district court and moved to set aside the Guidelines as unconstitutional. Cullen admits he made a separation of powers constitutional argument below, but urges that this should not relegate his claims to only plain error review.

"Applying the guidelines as mandatory [pre-*Booker*] is (understandable) error." *Ellis*, 417 F.3d at 933. A criminal defendant preserves *Booker* error if the defendant below argued *Apprendi* or *Blakely* error *or* that the Guidelines were unconstitutional. *United States v. Pirani*, 406 F.3d 543, 549 (8th Cir. 2005). In this case, Cullen preserved his *Booker* challenge by invoking *Blakely* before the district court. Because Cullen preserved his objection in the district court, we review for harmless error.

The government bears the burden of proving that the district court's use of mandatory Guidelines was harmless error. *Ellis*, 417 F.3d at 933. Here, because the error was not of a constitutional magnitude, the government is required to prove no "grave doubt" exists as to whether the error substantially influenced the outcome of the proceedings. *United States v. Haidley*, 400 F.3d 642, 645 (8th Cir. 2005). "On the basis of the record before us, we cannot say with any confidence that the district court would not have sentenced the defendant to a lesser sentence . . . had the district court realized that the federal sentencing guidelines were only advisory." *Id*. Because Cullen was sentenced at the bottom of the Guidelines range, we are left with "grave doubt" as to whether the error was harmless, and we remand for resentencing. *Id*.; *Ellis*, 417 F.3d at 934; *United States v. Burns*, 409 F.3d 994, 996 (8th Cir. 2005).

For the reasons stated above, the sentence is vacated, and this case is remanded for resentencing.

_____