# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-1747

———————

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Western District of Arkansas. |
| Pablo Gonzalez, | * |
| | * |
| Appellant. | * |

———————

Submitted: February 15, 2006
Filed: February 28, 2006

———————

Before ARNOLD, BYE, and SMITH, Circuit Judges.

———————

PER CURIAM.

Pablo Gonzalez appeals the 77-month sentence the district court[1] imposed after he pleaded guilty to illegal reentry after deportation following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2).

For reversal, Gonzalez argues that the court violated the Sixth Amendment by imposing an enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) (16-level enhancement if defendant previously was deported after conviction for felony drug-trafficking

---

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

offense for which sentence exceeded 13 months), based on judge-found facts as to the nature of his prior convictions. We have already rejected a similar Sixth Amendment challenge. See United States v. Torres-Alvarado, 416 F.3d 808, 810-11 (8th Cir. 2005).

Gonzalez also argues that the district court erred in imposing the enhancement because in so doing it considered challenged information in the presentence report (PSR), and the district court did not limit its inquiry to the documents listed as permissible by the Supreme Court in Shepard v. United States, 125 S. Ct. 1254, 1263 (2005) (court may not look beyond charging document, plea agreement, or guilty-plea transcript of colloquy in which factual basis for plea was confirmed by defendant, or to some comparable judicial record, to determine whether conviction is violent felony). We reject these arguments as well. First, Gonzalez made blanket objections to the PSR paragraphs detailing his drug-trafficking convictions, as part of his argument that the section 2L1.2(b)(1)(A)(i) enhancement was not proper because the court would have to make findings on the nature of the convictions. He never contended that the convictions did not exist, and in fact he stipulated at sentencing that if the probation officer were to testify, the testimony would support the factual assertions in the PSR. See United States v. Cullen, 432 F.3d 903, 905 (8th Cir. 2006) (district court may rely on unobjected-to facts in PSR). Second, because the district court concluded, based on unobjected-to information in the PSR, that Gonzalez had a drug-trafficking conviction for which he was sentenced to more than 13 months, Gonzalez's reliance on Shepard is misplaced.

Accordingly, we affirm.

_____