# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3725

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| Mijkia Carl Whittaker, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: January 23, 2006
Filed: April 19, 2006

_____

Before MELLOY, FAGG, and BENTON, Circuit Judges.

_____

PER CURIAM.

Mijkia Carl Whittaker appeals his 188-month sentence, imposed after he pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). At sentencing, he objected to his classification as an armed career criminal, citing *Blakely v. Washington*, 542 U.S. 296 (2004). The district court concluded that *Blakely* does not apply to prior convictions, denied Whittaker's objection, and sentenced him to 188 months in prison – the bottom of the 188 to 235 month recommended guideline range. Jurisdiction being proper under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, this court reverses and remands for resentencing.

By raising a *Blakely* challenge at sentencing, Whittaker properly preserved the issue whether mandatory application of the sentencing guidelines is unconstitutional. *See United States v. Pirani*, 406 F.3d 543, 549-50 (8th Cir. 2005) (en banc). While this case does not present constitutional error because Whittaker did not object to facts used to calculate his sentence, *see United States v. Booker*, 542 U.S. 220, 267 (2004), the district court (understandably) erred by applying the guidelines as mandatory. *Pirani*, 406 F.3d at 553. This necessitates harmless-error review, where the government must establish that the error did not affect Whittaker's substantial rights. *See United States v. Garcia*, 406 F.3d 527, 529 (8th Cir. 2005). By this standard, the government must prove that the district court would have rendered the same sentence if the guidelines were applied as advisory. *See United States v. Haidley*, 400 F.3d 642, 644 (8th Cir. 2005).

As in *Haidley* and *Garcia*, the district court here sentenced Whittaker to the bottom of the recommended guidelines range, and the record does not indicate that the sentence would have been the same if the guidelines were applied in an advisory manner. *See Haidley*, 400 F.3d at 645; *Garcia*, 406 F.3d at 529. At sentencing, the district court stated that it was doing "what I can" by sentencing Whittaker at the bottom of the guidelines range. The government cannot meet its burden to show the error was harmless.

The judgment of the district court is reversed, and the case remanded for resentencing.

_____