# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3372

_____

United States of America,       *
       *
           Appellee,       *    Appeal from the United States
       *    District Court for the
          v.            *    District of Nebraska.
       *
Ernest M. Hanan,       *    [UNPUBLISHED]
       *
           Appellant.       *

_____

Submitted: April 26, 2006
Filed: June 12, 2006 (Corrected on: 06/19/06)

_____

Before MURPHY, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Ernest Hanan pleaded guilty to conspiring to manufacture, distribute, and possess with intent to distribute at least 5 grams of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1) and 846. After the Supreme Court issued its decision in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), but before its decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005), the district court sentenced Hanan under a mandatory Guidelines regime. Specifically, at the sentencing hearing, the district court found a total offense level of 29, and a criminal history category of IV, which resulted in a Guidelines imprisonment range of 121-151 months. Stating that a 10-year term was "more than enough," the court sentenced Hanan to 121 months in prison and 5 years of supervised release.

On appeal, Hanan first renews a challenge, based on <u>Blakely</u>, he made to the presentence report's drug-quantity recommendation, but this argument fails because Brown admitted responsibility for 50-150 grams of actual methamphetamine. <u>See</u> <u>United States v. Alvarado-Rivera</u>, 412 F.3d 942, 946 n.3 (8th Cir. 2005) (en banc) (defendant's Sixth Amendment rights not violated where defendant admitted responsibility for drug quantity), <u>cert. denied</u>, 126 S. Ct. 1096 (2006).

We conclude, however, that the district court erred, understandably, in sentencing Hanan under a mandatory Guidelines regime that remains valid only as advisory. <u>See</u> <u>Booker</u>, 543 U.S. at 243-45. Because Hanan preserved the issue, <u>see</u> <u>United States v. Pirani</u>, 406 F.3d 543, 549 (8th Cir.) (en banc) (<u>Booker</u> error preserved if defendant argued <u>Blakely</u> error below), <u>cert. denied</u>, 126 S. Ct. 266 (2005), the government has the burden to prove that the district court's use of the Guidelines as mandatory was harmless, <u>see</u> <u>United States v. Love</u>, 419 F.3d 825, 828-29 (8th Cir. 2005). In other words, the government must prove there is no "grave doubt" about whether application of mandatory Guidelines substantially influenced the outcome of the sentencing proceeding. <u>See</u> <u>United States v. Ellis</u>, 417 F.3d 931, 934 (8th Cir. 2005). The government cannot meet its burden in this case. The district court sentenced Hanan at the bottom of the Guidelines range, and stated that this sentence was "more than enough," even after granting Hanan's motion for a downward departure related to his overstated criminal history. <u>See</u> <u>United States v. Cullen</u>, 432 F.3d 903, 905-06 (8th Cir. 2006) (error in imposing sentence under mandatory Guidelines not harmless where court sentenced defendant to bottom of Guidelines range); <u>Love</u>, 419 F.3d at 829 (same); <u>Ellis</u>, 417 F.3d at 933-34 (same); <u>United States v. Haidley</u>, 400 F.3d 642, 644-45 (8th Cir. 2005) (same).

We therefore remand for resentencing in accordance with <u>Booker</u>.

_____