# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2760

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Quentin C. Adams, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: July 5, 2006
Filed:   July 10, 2006

_____

Before RILEY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

A jury found Quentin C. Adams (Adams) guilty of one count of conspiring to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 846; two counts of possessing with intent to distribute more than 5 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1); and one count of aiding and abetting the distribution of cocaine base in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). The district court[1] sentenced Adams to a total of life imprisonment and 8 years' supervised release. On appeal, Adams's counsel filed a brief under Anders v.

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

California, 386 U.S. 738 (1967), and moved to withdraw. Adams filed a pro se supplemental brief.

Counsel argues the district court abused its discretion by allowing evidence of Adams's 2000 Missouri conviction for second-degree drug trafficking under Federal Rule of Evidence 404(b) because it was too remote in time from the instant offenses. We find no abuse of discretion. See United States v. Love, 419 F.3d 825, 828 (8th Cir. 2005) (standard of review; finding no abuse of discretion as to prior convictions that were even more remote in time).

Adams argues the evidence is insufficient to support any of his convictions. Viewing the evidence in the light most favorable to the verdict, and giving the government the benefit of all reasonable inferences that can be drawn from the evidence, as we must, we conclude the evidence is sufficient. See United States v. White, 241 F.3d 1015, 1021-22 (8th Cir. 2001) (standard of review; elements of conspiracy conviction); United States v. Rodgers, 18 F.3d 1425, 1429 (8th Cir. 1994) (elements of possession-with-intent convictions); United States v. Ellefson, 419 F.3d 859, 863 (8th Cir. 2005) (elements of aiding-and-abetting conviction).

Finally, after reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we conclude there are no nonfrivolous issues for appeal. Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw.

_____