# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3167
_____

United States of America

*Plaintiff - Appellee*

v.

Abraham Ceron-Lopez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 11, 2013
Filed: March 15, 2013
[Unpublished]

_____

Before LOKEN, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Abraham Ceron-Lopez, a citizen of Mexico illegally present in the United States, challenges the forty-five-month sentence imposed by the District Court[1] after

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

he pleaded guilty to three counts involving the possession and creation of fraudulent visas, permits, and other documents. See 18 U.S.C. § 1546(a). We affirm.

Based on a tip from a confidential informant, agents from the Department of Homeland Security (DHS) confronted Ceron-Lopez in a grocery-store parking lot and obtained consent to search his vehicle and, later, his residence. The searches resulted in the seizure of thousands of completed, partially completed, and blank identification-, employment-, and immigration-related documents and materials along with computer equipment, a card-cutting machine, and a laminating machine. The Presentence Investigation Report (PSR), to which Ceron-Lopez did not object, noted that 2,990 actual documents were recovered, namely:

> 301 permanent resident alien cards; 8 social security cards; 39 state identification/driver's licenses; 211 Mexican identification cards; 5 blank Mexican birth certificates; 2 Missouri 30-day car tags; 124 other cards (with optical memory stripe, wrapped and unopened) and 2,300 blank cards.

PSR ¶ 15. The PSR calculated a sentencing range of twenty-four to thirty months' imprisonment, and again Ceron-Lopez did not object. At Ceron-Lopez's sentencing hearing, a DHS agent testified that in addition to the 2,990 actual documents, 2,907 virtual documents were recovered from the computer equipment and storage devices seized from Ceron-Lopez's vehicle and residence. Because the offense involved an exceptionally large number of documents, the government requested an upward departure to a sentencing range of thirty-seven to forty-six months' imprisonment. See U.S. Sentencing Guidelines Manual § 2L2.1 cmt. n.5 ("If the offense involved substantially more than 100 documents, an upward departure may be warranted."). In the alternative, the government requested an upward variance to a minimum sentence of forty months. Ceron-Lopez argued for a sentence below the advisory Guidelines range, citing his age, lack of criminal history, cooperation with law enforcement, acceptance of responsibility, and likely deportation.

The District Court sentenced Ceron-Lopez to forty-five months' imprisonment, electing to impose an upward variance rather than an upward departure. On appeal, Ceron-Lopez argues that the District Court committed both procedural and substantive sentencing error.

We review the imposition of a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). "A district court abuses its discretion when it fails to consider a relevant factor, gives significant weight to an irrelevant or improper factor, or considers only appropriate factors but nevertheless commits a clear error of judgment . . . ." United States v. Jones, 509 F.3d 911, 913 (8th Cir. 2007), cert. denied, 553 U.S. 1088 (2008)). We first determine whether the district court committed any significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. Although a court commits procedural error if it fails to consider the § 3553(a) factors, it is not required to recite each of the factors on the record, nor is it required to address each argument raised by the defendant. United States v. Barron, 557 F.3d 866, 868 (8th Cir. 2009). If the district court committed no procedural error, we then determine whether the sentence is substantively reasonable. Gall, 552 U.S. at 51. It is "the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quotation marks and citation to quoted case omitted).

The District Court committed no procedural error in sentencing Ceron-Lopez. After considering the undisputed Guidelines range, the unobjected-to facts outlined in the PSR, the testimony and evidence received at the sentencing hearing, and the parties' sentencing arguments, the court found that the Guidelines range did not adequately account for the "vast number of documents" involved in the offense, and

it departed upward to a sentence of forty-five months' imprisonment. Sent. Tr. at 44. Citing § 3553(a), the court reasoned that the chosen sentence was necessary to address the "seriousness of th[e] offense" and to "afford adequate deterrence to" Ceron-Lopez and others. Id. The court also specifically noted that Ceron-Lopez's cooperation with authorities was a significant factor in the court's decision not to impose the statutory maximum sentence of ten years' imprisonment.

Ceron-Lopez also argues that the District Court clearly erred by relying on an erroneous calculation of the number of documents involved in the offense. See Feemster, 572 at 461 (noting that "procedural error" includes, among other things, selecting a sentence based on clearly erroneous facts). Ceron-Lopez did not, however, object to the PSR's description of the 2,990 actual documents involved in the offense. Accordingly, he is deemed to have admitted that his offense involved at least this number of documents. See United States v. Cullen, 432 F.3d 903, 905 (8th Cir. 2006). The court noted that even if it considered only this number of documents, the advisory Guidelines sentence was inadequate and an upward variance was appropriate. See Sent. Tr. at 44 (stating that a Guidelines sentence was "inadequate" even if only the "actual documents" were considered).

In sum, the District Court committed no procedural sentencing error. The court did not rely on clearly erroneous facts; it adequately considered the § 3553(a) factors and explained its reasons for the term imposed; and nothing in the record indicates that the court failed to consider a relevant sentencing factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing the relevant factors. See Feemster, 572 F.3d at 461.

Ceron-Lopez also argues that the District Court abused its discretion by imposing a sentence that is substantively unreasonable. Specifically, he argues that the court failed to perform its duty to avoid unwarranted sentencing disparities because it sentenced him more harshly than other similarly situated defendants. In

support of this argument, Ceron-Lopez cites several cases from other circuits and argues that those defendants received shorter sentences for offenses that involved a greater number of documents. We reject Ceron-Lopez's argument because he does not explain how the defendants in the cases cited were similarly situated in terms of conduct, criminal history, acceptance of responsibility, or other relevant factors. <u>See</u> <u>United States v. Boneshirt</u>, 662 F.3d 509, 519 (8th Cir. 2011) (noting that a sentencing court is not prohibited from finding that a sentencing disparity is warranted), <u>cert.</u> <u>denied</u>, 132 S. Ct. 1613 (2012). That the District Court's evaluation of the facts and circumstances presented in this case resulted in a lengthier sentence than Ceron-Lopez had hoped for does not constitute an abuse of discretion. The District Court did not impose a substantively unreasonable sentence.

For the foregoing reasons, we affirm the judgment of the District Court.

_____