# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 04-3667/3851

_____

United States of America,            *
                                         *

        Appellee/Cross-Appellant,  *

                                         *   Appeals from the United States

      v.                           *   District Court for the
                                         *   District of North Dakota.

Patrick Timothy McMorrow,     *

                                         *       [PUBLISHED]

        Appellant/Cross-Appellee.  *

_____

Submitted: January 6, 2006
Filed: January 30, 2006

_____

Before BYE, McMILLIAN,[1] and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

A ten-person jury found Patrick Timothy McMorrow (McMorrow) guilty of mailing threatening communications, in violation of 18 U.S.C. § 876(c); extortion, in violation of 18 U.S.C. § 876(b); and threatening the use of a weapon of mass destruction, in violation of 18 U.S.C. § 2332a(a)(2). At sentencing, the district court granted McMorrow's downward-departure motion and sentenced him to concurrent prison terms of 120 months, 140 months, and 140 months, respectively, and to three years' supervised release. McMorrow appeals his conviction and sentence, asserting

_____

[1]The Honorable Theodore McMillian died on January 18, 2006. This opinion is being filed by the remaining judges of the panel pursuant to 8th Cir. Rule 47E.

he did not freely and voluntarily waive his right to a jury of twelve persons. Specifically, McMorrow maintains he feared the possibility of future incarceration with inadequate medical attention if he did not stipulate to a jury of fewer than twelve persons. Additionally, citing Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), McMorrow requests remand for resentencing under the now advisory Guidelines. The government cross-appeals the district court's decision to depart downward. We affirm the conviction, but reverse and remand for resentencing.

## I.    TWELVE-PERSON JURY WAIVER

The right to a twelve-person jury may be waived, and indeed McMorrow stipulated in writing and orally the trial could proceed with fewer than twelve jurors. See Fed. R. Crim. P. 23(b)(1) (jury consists of twelve persons), (b)(2) (at any time before verdict, parties may, with court's approval, stipulate in writing that jury may consist of fewer than twelve persons). There is nothing to suggest McMorrow's stipulation to a jury of fewer than twelve persons was either coerced or involuntary. The district court repeatedly advised McMorrow that he was not required to agree to a jury of ten persons and that he could have his detention order reviewed by the trial judge if he so desired. See United States v. Reyes, 603 F.2d 69, 71-72 (9th Cir. 1979) (holding that at time of defendant's oral stipulation to jury of fewer than twelve persons, district court should question defendant to determine if stipulation was made knowingly and intelligently). McMorrow's motivation to waive a twelve-person jury because he was incarcerated and not receiving desired medical care does not undermine the voluntariness of his stipulation. See United States v. Dalman, 994 F.2d 537, 539 (8th Cir. 1993) (holding trial judge's statement to defendant with medical issues during plea hearing, that pleading not guilty would necessitate continued detention for the weekend, did not render defendant's guilty plea involuntary; "[i]f [defendant] pled guilty on the strength of the possibility that he would leave federal custody sooner, he chose to exercise an option that we are unwilling to disturb now

in absence of evidence that [defendant] entered his plea in a manner that was not voluntary"). Thus, we affirm the conviction.

## II. SENTENCING

### A. <u>Booker</u> Error

McMorrow's <u>Blakely</u> and <u>Booker</u> challenge to his sentence is valid. The district court erred in sentencing McMorrow under a mandatory Guidelines regime, <u>see</u> <u>Booker</u>, 543 U.S. at ___, 125 S. Ct. at 756-57 (holding Guidelines to be only advisory), and McMorrow preserved this issue at sentencing. We thus review for harmless error. <u>See</u> <u>United States v. Haidley</u>, 400 F.3d 642, 644-45 (8th Cir. 2005). We are left with grave doubt as to whether the error was harmless. Although the district court sentenced McMorrow well below the Guidelines range and noted that if the Sentencing Guidelines were later found to be unconstitutional, the court would impose the same sentence, the court also added that under an advisory scheme, the court would sentence McMorrow "to at least ten years." It is unclear the district court would have given the same sentence under an advisory system. <u>See</u> <u>id.</u> Thus, we vacate the sentence and remand for resentencing in light of <u>Booker</u>.

### B. Departures

As to the government's cross-appeal, we review de novo the district court's decision to depart from the Guidelines, <u>see</u> <u>United States v. Rodriguez</u>, 414 F.3d 837, 847 (8th Cir. 2005), and review a district court's factual findings for clear error, <u>see</u> <u>United States v. Flores</u>, 336 F.3d 760, 763 (8th Cir. 2003). We conclude none of the reasons given by the district court provided a permissible ground for departure.

First, the district court erred in finding McMorrow suffered from diminished capacity warranting departure under U.S.S.G. § 5K2.13. The court identified no basis for its conclusions regarding McMorrow's mental problems, stating only that McMorrow suffered from psychiatric problems and a "defiant personality" that hindered his ability to make reasonable decisions. These conditions do not meet the

section 5K2.13 definition of "significantly reduced mental capacity." See U.S.S.G. § 5K2.13 cmt. n.1 (defining "significantly reduced mental capacity" as significantly impaired ability to understand the wrongfulness of offense behavior, exercise power of reason, or control behavior defendant knows is wrongful); see also U.S.S.G. § 5H1.3 ("[m]ental and emotional conditions are not ordinarily relevant in determining whether a departure is warranted, except as provided in Chapter Five, Part K, Subpart 2"); cf. United States v. McCart, 377 F.3d 874, 878 (8th Cir. 2004) (finding no support for diminished capacity departure where district court relied on doctor's report that diagnosed the defendant with depression and anxiety, and the evidence showed the defendant realized his wrongful conduct).

The district court also departed, in part, due to McMorrow's lack of serious intent to harm. We view this as a U.S.S.G. § 5K2.11 departure. See U.S.S.G. § 5K2.11, p.s. (providing for departure where offense "conduct may not cause or threaten the harm or evil sought to be prevented by the law proscribing the offense at issue"); see also United States v. Dyck, 334 F.3d 736, 741-42 (8th Cir. 2003) (construing district court's downward departure based on defendant's intent as departure under section 5K2.11). McMorrow's lack of intent did not provide a permissible basis for departure, because the intent to carry through on a threat is not an element of any of his crimes of conviction. See 18 U.S.C. §§ 876(b)-(c), and 2332a(a)(2); Dyck, 334 F.3d at 742 (holding Dyck's purported lack of criminal intent when illegally reentering the United States was an invalid basis for granting a departure, because "[t]he statute Dyck violated [made] no reference to the purpose for which [Dyck] entered the country"); see also United States v. Koski, 424 F.3d 812, 817 (8th Cir. 2005) (rejecting argument that section 876(c) contains any specific intent element); United States v. Guevara, 408 F.3d 252, 258 (5th Cir. 2005) (holding for section 2332a purposes, the "threat need not be credible"), cert. denied, No. 05-7643, 2006 WL 37646 (U.S. Jan. 9, 2006).

The district court also based its departure on its finding the trial evidence demonstrated "few" people, other than individuals in the Governor's office, took seriously the threatening letters McMorrow sent, which comprised the offense conduct. The conduct of the recipients belies this conclusion: they forwarded the letters to law enforcement authorities, who in turn investigated and interviewed McMorrow. See Dyck, 334 F.3d at 743 (holding a downward departure based upon facts not in record is not warranted).

As for the district court's reliance on the perceived unreasonableness of the Guidelines sentence, the "exceptional circumstances" identified by the court–McMorrow's longstanding history and animosity toward the Fargo Police Department, and his obsessive efforts to garner attention to a civil rights action he had filed–offer no basis to take McMorrow's case out of the "heartland" of applicable Guidelines. See United States v. Wong, 127 F.3d 725, 727-28 (8th Cir. 1997) (stating Guidelines allow court to depart from prescribed sentencing range in exceptional circumstances; finding departure from Guidelines range not warranted where court gave no explanation as to why factor for departure took case out of "heartland").

Furthermore, we conclude the district court erred in relying on the uncertainty as to whether the Sentencing Guidelines would ultimately be invalidated as a basis for departure. This uncertainty existed in many, if not most, Guidelines cases at that time. See Rodriguez, 414 F.3d at 848.

Finally, after examining each of the district court's individual bases for departure, "the resulting impact does not rise to the level of 'extremely rare'" to take this case outside of the heartland of the Guidelines, and the "aggregate [comes] to no more than a sum of its insufficient parts." See Rodriguez, 414 F.3d at 849 (quoting United States v. Roberts, 313 F.3d 1050, 1056 (8th Cir. 2002) (reversing district court's departure decision where, of five factors considered to support departure, "[n]o

factor was found to be exceptional, and the aggregation came to no more than a sum of its insufficient parts")).

Given our holding, it is premature and unnecessary to address the government's argument regarding reasonableness under 18 U.S.C. § 3553(a).  See United States v. Love, 419 F.3d 825, 829 (8th Cir. 2005) (stating the determination whether a sentence outside the Guidelines range is warranted is committed "to the district court's discretion, at least in the first instance").

## III.  CONCLUSION

We, therefore, affirm McMorrow's conviction, but reverse and remand for resentencing consistent with this opinion.

_____