# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2411

_____

United States of America,        *
                                       *

        Appellee,        *

                                  *   Appeal from the United States

        v.                 *   District Court for the

                                  *   District of North Dakota.

Patrick Timothy McMorrow,     *

                                       *

        Appellant.      *

_____

Submitted: November 16, 2006
Filed: December 27, 2006

_____

Before RILEY, HANSEN, and SMITH, Circuit Judges.

_____

RILEY, Circuit Judge.

Patrick Timothy McMorrow (McMorrow) was convicted of mailing threatening communications, in violation of 18 U.S.C. § 876(c); extortion, in violation of 18 U.S.C. § 876(b); and threatening the use of a weapon of mass destruction, in violation of 18 U.S.C. § 2332a(a)(2). The district court[1] sentenced McMorrow to 140 months' imprisonment and 3 years' supervised release. On appeal, we affirmed his conviction, but reversed and remanded for resentencing pursuant to United States v. Booker, 543 U.S. 220 (2005). See United States v. McMorrow, 434 F.3d 1116, 1118 (8th Cir.

_____

[1]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota.

2006) (McMorrow I). On remand, the district court sentenced McMorrow to 360 months' imprisonment and 3 years' supervised release. McMorrow appeals. Finding no error, we affirm.

## I. BACKGROUND

McMorrow mailed several letters from the North Dakota State Penitentiary (penitentiary) in late August 2003, less than three months before McMorrow's scheduled release. In letters to the federal district court in Bismarck, North Dakota; the city of Fargo, North Dakota; the Governor of North Dakota; and the President of the United States, McMorrow proclaimed "a formal declaration of war on the city of Fargo" based on alleged violations of his constitutional rights. McMorrow demanded reimbursement for these alleged violations, additional training for Fargo police officers, and a review board to address complaints with the Fargo Police Department. McMorrow vowed to wage war against the city of Fargo if his demands were not met by a date coinciding with his scheduled release. He threatened violence and the use of bombs, requesting citizens of Fargo "move out or take there [sic] chances." In McMorrow's letter to the Governor, he asked any prisoners of war be housed at the penitentiary because McMorrow did "not have the capabilities to hold them on [his] own" and the use of such facilities "would cut down on the number of deaths since [he] would be able to allow some individuals to surrender." In his letters to both the Governor and the President, McMorrow advised all state and federal employees be moved from Fargo before commencement of the war given he was unable to guarantee their safety.

During an interview with federal agents, McMorrow admitted sending the letters, identified how he would obtain and build explosives, and advised he would make smaller-sized bombs for ease of delivery and would store the bombs outside the Fargo area. He also referred to military manuals he had received during his United States Marine Corps service and noted his intent to use the Internet to aid in the manufacture of nitroglycerin. McMorrow identified his targets as anyone within the

city of Fargo, noting his own family could be killed and declaring he was willing to die if necessary.

A jury later convicted McMorrow of mailing threatening communications, extortion, and threatening the use of a weapon of mass destruction. Following McMorrow's convictions, a presentence investigation report (PSR) was prepared, which indicated McMorrow was a "career offender" under U.S.S.G. § 4B1.1. Based on a total offense level of 37 and criminal history category VI, the resulting Guidelines range was 360 months' to life imprisonment. Neither McMorrow nor the government objected to this range. The district court then granted McMorrow's motion for downward departure, reasoning: (1) McMorrow suffered from psychiatric problems and personality disorders, which hindered his ability to make reasonable decisions; (2) McMorrow lacked serious intent to harm anyone; (3) few people took McMorrow's letters seriously; (4) there was uncertainty pending Booker regarding the constitutionality of the Guidelines; and (5) a thirty-year sentence was unreasonable. Accordingly, the district court sentenced McMorrow to 140 months' imprisonment and 3 years' supervised release.[2]

In McMorrow I, we affirmed McMorrow's convictions, but found Booker entitled him to a remand for resentencing. McMorrow, 434 F.3d at 1118. In doing so, we reviewed the district court's decision to depart downward and concluded none of the district court's stated reasons provided a permissible ground for departure. Id. at 1118-20. Because we remanded in light of Booker, we declined to address the government's argument on the reasonableness of McMorrow's sentence under 18 U.S.C. § 3553(a). Id. at 1120.

---

[2]The district court sentenced McMorrow to concurrent sentences of 120 months for mailing threatening communications, 140 months for extortion, and 140 months for threatening the use of a weapon of mass destruction.

On remand, in the absence of any objections to the PSR, the district court again adopted the PSR's factual findings and advisory Guidelines sentencing range calculation of 360 months' to life imprisonment. During the resentencing hearing, the district court recognized its discretion to depart downward and to impose a non-Guidelines sentence. The district court noted its reasons previously given in support of its downward departures were wholly rejected by this court on appeal, a holding the district court felt "bound to adhere to." After noting its consideration of the factors set forth in § 3553(a) and finding no extraordinary circumstances to justify a variance, the district court sentenced McMorrow to 360 months' imprisonment and 3 years' supervised release.[3] The district court's sentencing memorandum, issued the day after McMorrow's resentencing hearing, also discussed the court's reasons for imposing the 360-month sentence. McMorrow now appeals, arguing his sentence is unreasonable.

## II. DISCUSSION

"We review for abuse of discretion the reasonableness of the sentence imposed by the district court." United States v. Walker, 439 F.3d 890, 892 (8th Cir. 2006). A sentence may be unreasonable if the district court failed to consider a relevant factor that should have received significant weight, gave significant weight to an improper or irrelevant factor, or considered only appropriate factors but nevertheless erred by imposing a sentence outside the limited range of choice dictated by the facts of the case. United States v. Haack, 403 F.3d 997, 1004 (8th Cir.), cert. denied, 126 S. Ct. 276 (2005).

McMorrow first contends the district court erred by imposing a sentence greater than necessary to satisfy the purposes of § 3553(a)(2). We disagree. McMorrow, a

---

[3]The district court resentenced McMorrow to concurrent sentences of 120 months for mailing threatening communications, 240 months for extortion, and 360 months for threatening the use of a weapon of mass destruction.

career offender, has an extensive criminal history, which includes shoplifting, arson, disorderly conduct, terrorizing another human being, forcible rape, multiple violations of protection orders, and resisting arrest. McMorrow also has been arrested for driving under the influence, theft, criminal coercion, domestic violence assault, and additional protection order violations. Our review of McMorrow's criminal background reflects McMorrow's acknowledgment he is "resistant to authority" and indicates previous attempts to deter McMorrow from future criminal conduct have proven unsuccessful. In his most recent offense, McMorrow repeatedly threatened the city of Fargo and government officials with violence and the use of bombs if his demands were not met on or before a date coinciding with his release from prison. While McMorrow argues his incarceration made it impossible for him to carry out the threats, his release from prison was a mere two to three months away. During McMorrow's interview with federal agents, McMorrow fully admitted making the threats, explained what weapons would be used and how he would carry out the attack, and declared he was willing to die if necessary. On these facts, we cannot say the district court abused its discretion by imposing a 360-month sentence.

McMorrow next argues the district court erred by failing either to consider the § 3553(a) factors or to state the reasons for its imposition of the sentence with sufficient particularity to enable this court to perform a meaningful reasonableness review. Again, we disagree. At the time of sentencing, the district court must state in open court the reasons for its imposition of the sentence. 18 U.S.C. § 3553(c). The district court, however, is not required to rehearse categorically each of the § 3553(a) factors, so long as it is clear from the record the factors were considered. United States v. Dieken, 432 F.3d 906, 909 (8th Cir.), cert. denied, 127 S. Ct. 163 (2006).

During the resentencing hearing, the district court noted its consideration of the § 3553(a) factors and further indicated a sentencing memorandum detailing the court's reasoning would follow shortly thereafter. The sentencing memorandum set forth the § 3553(a) factors, discussed the court's reasons for granting a downward departure in

McMorrow's first sentencing, and determined those reasons could properly be classified as the nature and circumstances of the offense, the history and characteristics of the defendant, and the seriousness of the offense. Recognizing this court's previous rejection of those reasons in concluding they were not entitled to significant weight or were not supported by the evidence, the district court acknowledged its obligation to follow McMorrow I.

The district court then stated it was adopting and incorporating by reference the arguments set forth in the government's sentencing memorandum as additional support for the 360-month sentence. The government's sentencing memorandum, in turn, devoted significant attention to the § 3553(a) factors, discussing in detail the nature and circumstances of McMorrow's offense, the seriousness of the offense conduct, the need to protect the public, McMorrow's violent criminal history, and the need to avoid unwarranted sentencing disparities among similarly-situated defendants. Our review of the record convinces us the district court carefully considered the § 3553(a) factors and created a clear record to allow us to conduct a meaningful reasonableness review. See, e.g., Walker, 439 F.3d at 892 (holding the district court's acknowledgment that it was required to, and in fact did, consider the § 3553(a) factors was sufficient, despite the district court's failure to discuss each factor in detail). The district court's expressed reasoning is thorough and well-reasoned.

Contrary to McMorrow's assertions, we do not agree the district court believed McMorrow I *required* the district court to sentence McMorrow within the advisory sentencing Guidelines range. McMorrow I only rejected the district court's stated reasons for a downward departure; it did not, however, prohibit the district court from granting a downward variance if the court believed such a variance was warranted based on its consideration of the § 3553(a) factors. In sentencing McMorrow, the district court properly followed Haack's three-step procedure by (1) determining the appropriate Guidelines range, (2) deciding whether a traditional departure was warranted, and (3) then considering the § 3553(a) factors in deciding whether to

-6-

impose a non-Guidelines sentence. <u>See</u> <u>Haack</u>, 403 F.3d at 1002-03. While the district court expressed some reservations about the harshness of McMorrow's 360-month sentence, the court ultimately concluded the sentence was reasonable and McMorrow was not entitled to a departure or a variance. We agree, and thus find (1) no abuse of discretion by the district court, and (2) the sentence is not unreasonable.

## III. CONCLUSION

For the foregoing reasons, we affirm.

_____