# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2098

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | Appeal from the United |
| | * | States District Court |
| v. | * | for the Eastern District |
| | * | of Arkansas. |
| Joe Mack Pool, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: November 14, 2006
Filed: January 29, 2007

_____

Before RILEY, BEAM, and SMITH, Circuit Judges.

_____

BEAM, Circuit Judge.

In July 2005, Joe Mack Pool was convicted by a jury of one count of conspiracy to commit bribery and money laundering, in violation of 18 U.S.C. § 371, and over ninety counts of aiding and abetting bribery, and money laundering, in violation of 18 U.S.C. §§ 2, 666(a)(2) and 1956(a)(1)(B)(i). In March 2006, the district court sentenced Pool to five years of probation with the first twelve months to be served in a halfway house where Pool could leave for work, health reasons or religious activities. The United States appeals the sentence. We vacate the sentence and remand for resentencing.

# I.   BACKGROUND

Pool owned a trucking company, Machinery Transport, in Henderson, Texas. As indicated, he was tried and convicted of over ninety counts of public official bribery and conspiracy to commit bribery and money laundering. These charges arose from his role in a scheme to bribe an Arkansas Highway and Transportation Department employee to obtain permits in an expedited fashion or to be allowed to transport oversized or overweight loads over public highways. Prior to sentencing, Pool filed a motion for downward departure based on his charitable activities and the State's own misconduct. The guidelines range was thirty-three to forty-one months' imprisonment and the district court sentenced Pool to five years' probation.

The government claims that the sentence imposed by the district court is unreasonable because Pool is not an atypical defendant when compared to others convicted of the same crimes and that the record does not support a probationary sentence. At the sentencing hearing at least four people testified on Pool's behalf in an attempt to seek a reduction in sentence: (1) Pool's brother testified that Pool bought him a house after his was destroyed by a tornado, and that Pool made anonymous contributions to Pool's church; (2) a family friend testified that Pool was generous in giving his money to people that others might not be thoughtful enough to consider, and that Pool had co-signed a loan for this friend without the friend's knowledge; (3) Pool's nephew testified that Pool took him in after the boy's father (Pool's brother) died and the boy's mother dealt with personal problems, that Pool was a surrogate father to him and was instrumental in the boy's future successes and that Pool went to church often and was charitable; and (4) Pool's son testified that if Pool went to jail, the business Pool ran "wouldn't be the same." The court also received approximately forty-six character letters on Pool's behalf, describing his activities in the community and many examples of his generous spirit.

The district court was persuaded to impose this probationary sentence in order to preserve Pool's business and the jobs of his employees, because of the need for Pool to continue his charitable activities, and because of Pool's medical problems briefly referenced in the PSR. As to Pool's charitable activities, the court found it especially notable that Pool had "provided financial assistance to others starting their own companies to include direct gifts, loans and letters of credit."

## II. DISCUSSION

We review a district court's variance from the advisory guidelines[1] range under a reasonableness standard that is similar to an abuse of discretion review. United States v. Plaza, 471 F.3d 876, 878 (8th Cir. 2006). A sentence may be unreasonable when a sentencing court:

> fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only appropriate factors but nevertheless commits a clear error of judgment by arriving at a sentence that lies outside the limited range of choice dictated by the facts of the case.

United States v. Haack, 403 F.3d 997, 1004 (8th Cir.), cert denied, 126 S. Ct. 276 (2005). In arriving at a sentence, district courts are to consider the factors set forth in 18 U.S.C. § 3553(a). United States v. Booker, 543 U.S. 220, 261 (2005). A sentence

---

[1]The court stated, "I'm going to depart from the guidelines in order to institute a non-guidelines sentence under the statutory provisions." Thus, it is unclear to us whether the district court intended to impose a traditional departure under a guidelines calculation or a variance from the suggested guidelines sentence based upon the court's consideration of the section 3553(a) factors. See United States v. McMorrow, 471 F.3d 921, 926 (8th Cir. 2006) (setting out this circuit's three-step sentencing process post-Booker). Given the court's colloquy at the sentencing hearing leading up to this pronouncement, we assume that, in fact, the district court "varied."

that falls outside the guidelines range is reasonable only if the district court offers appropriate justification for the sentence under the factors identified in section 3553(a). United States v. Gatewood, 438 F.3d 894, 896 (8th Cir. 2006).

In imposing a probationary sentence in the face of a suggested sentence of thirty-three to forty-one months' imprisonment, the district court recited the factors set forth in section 3553(a), stating that he considered each of them in arriving at the sentence. We must decide if it was reasonable for the court to impose probation in light of a minimum suggested prison term of more than two and one-half years. We find that it was not, and note that the court's recitation of the section 3553(a) factors in this case is insufficient to justify the sentence.

The court seemed especially interested in the plight of the approximately forty employees working for Pool if Pool were sentenced to jail time. In fact, the court, on its own initiative, inquired about this very subject of those testifying at the sentencing hearing, and came to its own conclusion, unsupported by the sentencing testimony, that these employees would in fact be discharged should Pool be sent to prison. On the record, however, Pool's son testified that he would continue to run the business in Pool's absence, even though it "wouldn't be the same" without him. Notwithstanding, it is not extraordinary that in the area of white collar crime, a principal's business and employees may suffer if he is incarcerated. United States v. Morken, 133 F.3d 628, 630 (8th Cir. 1998). And Pool's generosity, while certainly notable, does not support such a variance as that chosen by the district court here. While these are appropriate considerations, the court gave too much weight to the effect of any potential incarceration on Pool's employees, Pool's charitable record, and his medical condition. These do not justify a variance of this magnitude. And, there was insufficient weight given to the other section 3553(a) factors, for example, the statutory objective of avoiding unwarranted sentence disparities. 18 U.S.C. § 3553(a)(6). On this record, we conclude that the probationary sentence imposed by the district court is unreasonable.

## III. CONCLUSION

Accordingly, we vacate the sentence and remand for resentencing.

_____