# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1141

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Gary E. Sutton, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: June 12, 2007
Filed: June 20, 2007

_____

Before BYE, RILEY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Following Gary Sutton's (Sutton) conviction for being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), the district court[1] sentenced Sutton to 280 months' imprisonment and 5 years' supervised release, and imposed a $23,431.92 fine and $100 special assessment. Sutton appeals, challenging an evidentiary ruling by the district court and also arguing his sentence is unreasonable and so grossly disproportionate to Sutton's offense that his sentence violates due process and constitutes cruel and unusual punishment.

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

We review for abuse of discretion the district court's evidentiary ruling, <u>see</u> <u>United States v. Johnson</u>, 463 F.3d 803, 808 (8th Cir. 2006), and the reasonableness of Sutton's sentence, <u>see</u> <u>United States v. McMorrow</u>, 471 F.3d 921, 924 (8th Cir. 2006). We review de novo whether Sutton's sentence is grossly disproportionate to the crime committed and thus violates due process and ultimately the Eighth Amendment's prohibition against cruel and unusual punishment. <u>See</u> <u>United States v. Weis</u>, __ F.3d __, No. 06-2996, 2007 WL 1437490, at *2, *6 (8th Cir. May 17, 2007) (rejecting the defendant's Eighth Amendment challenge upon finding the defendant's sentence was "not 'the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality'" (quoting <u>Ewing v. California</u>, 538 U.S. 11, 30 (2003) (quoting <u>Harmelin v. Michigan</u>, 501 U.S. 957, 1005 (1991)))). As an armed career criminal, Sutton faced a sentence, as specified by Congress, at or near the statutory maximum, which in this case is life imprisonment. <u>See</u> 28 U.S.C. § 994(h); <u>United States v. Maloney</u>, 466 F.3d 663, 669 (8th Cir. 2006).

Having carefully considered Sutton's arguments and the record, we find no abuse of discretion or legal error by the district court. Therefore, we affirm. <u>See</u> 8th Cir. R. 47B.

_____