# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1736

_____

United States of America,

        Appellee,

v.

Joe Mack Pool,

        Appellant.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Eastern District of Arkansas.
\*
\*     [UNPUBLISHED]
\*

_____

Submitted:  January 18, 2008
Filed:  January 24, 2008

_____

Before BYE, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Joe Mack Pool (Pool) appeals the prison sentence the district court imposed following remand.  We again remand for resentencing.

Pool was found guilty of conspiring to commit bribery and money laundering, and multiple counts of aiding and abetting bribery and money laundering.  His Guidelines imprisonment range was 33-41 months.  After considering dozens of character letters, the testimony of several supportive witnesses, and each 18 U.S.C. § 3553(a) factor, the district court sentenced Pool to 5 years of probation, with the first year to be served in a halfway house.  The court relied in particular on the value of preserving Pool's business and his employees' jobs, the need for Pool to continue his

significant charitable activities, and the existence of his medical problems. See United States v. Pool, 474 F.3d 1127, 1128-29 (8th Cir. 2007).

The government appealed, and this court vacated the probationary sentence as an unreasonable variance, noting that while the circumstances the district court relied on were "appropriate considerations, the court gave too much weight" to these factors, which did "not justify a variance of this magnitude," and gave insufficient weight to other section 3553(a) factors, such as the need to avoid unwarranted sentence disparities. See id. at 1129-30.

On remand, without addressing the grounds Pool asserted in support of a variance, the district court sentenced him to 33 months in prison. The court stated only that it had "carefully considered the guidelines," and that it had "an affirmative duty" to impose a sentence that would meet the need to promote respect for the law, protect the public, deter criminal conduct, and provide opportunities for treatment.

After careful review, we are concerned the district court's decision to resentence Pool within the Guidelines range--without even mentioning the factors it had previously cited as grounds for a variance--may indicate that the court felt constrained to do so by the remanding opinion. The district court's discretion was not so limited, however, as the Supreme Court subsequently made clear in Gall v. United States, 128 S. Ct. 586, 602 (2007) (explaining that an appellate court must give "due deference to the District Court's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence," rather than "decide *de novo* whether the justification for a variance is sufficient or the sentence reasonable").

Accordingly, we reverse and remand for resentencing in light of Gall.

_____